## F. M. PATTERSON v. STATE.

No. A-258.    Opinion Filed December 22, 1910.

1.    INSTRUCTIONS—Requests by Accused.    When instructions are given at the request of counsel for a defendant, he will not be heard to complain of such instructions.

2.    INSTRUCTIONS—Time to Except.    Exceptions to instructions should be taken at the time they are given to the jury, and the trial court has no power to allow exceptions to instructions which are not in fact taken at the time the instructions are given to the jury.

(Syllabus by the Court.)

*Appeal from Cleveland County Court; N. E. Sharp, Judge.*

Appellant was convicted for violating the prohibitory liquor law, and his punishment was assessed at three months' confinement in the county jail and a fine of $250, and he appealed. Affirmed.

*B. F. Wolf, B. F. Williams, Jr.,* and *J. B. Dudley,* for appellant.—Citing *Watkins v. U. S.,* 1 Ind. T. 364.

*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. 1. Upon the trial of the case, at the request of appellant, the court instructed the jury that they might assess the punishment in the event that they found him guilty. Appellant now claims that the giving of this instruction was fundamental error and prejudicial to his rights, because at the time of the trial the law giving the jury the right to assess the punishment had not yet gone into force. As this instruction was given at the request of counsel for appellant, he will not now be heard to complain.

2. The verdict in this case was rendered on the 24th day of July, 1910. The record discloses the fact that three days thereafter defendant requested that he be allowed to except to the instructions given to the jury. The record touching this matter is as follows:

"Thereafter, on to wit, the 27th day of July, 1908, the above matter came before the court on motion of the defendant that he be allowed exceptions to instructions given by the court to the jury. To which the County Attorney objects for the reason that the exceptions should have been taken at the time the instructions were given and before the verdict returned by jury. After arguments by counsel, the court overruled the objection and exceptions to each and all the instructions are allowed by the court, to which the county attorney excepts."

We cannot consider exceptions which appear in the record in this manner. Exceptions to instructions should be taken at the time they are given to the jury, so that the court may be informed as to what objections are being made and have an opportunity to correct the instructions and obviate the commission of error.

Opposing counsel also have a right to know what objections if any are being urged to the instructions given, so that if they deem said objections valid, they may join in the request to the court to have such instructions modified. When exceptions to the instructions are not taken at the time the instructions are given, it is then too late to reserve exceptions thereto. We must therefore hold that in this case the record does not contain any proper exceptions to the instructions given and the trial judge had no power to allow exceptions which were not in fact taken at the time the instructions were given.

There are no fundamental errors in the instructions. The evidence sustains the verdict, and the judgment is therefore affirmed.

DOYLE and RICHARDSON, JUDGES, concur.