## CLINTON & O. W. RY. CO. v. DEAN *et al.*

No. 5329.   Opinion Filed October 14, 1913.

(135 Pac. 1067.)

APPEAL AND ERROR—Dismissal—Summons.   Where neither the defendant in error nor his attorney are served with summons in error, and neither of them waive such service, and the time having elapsed in which proper service could be made, on motion of such defendant in error the appeal should be dismissed.   Section 6067, Comp. Laws 1909 (Rev. Laws 1910, sec. 5236), provides:   "The Supreme Court may reverse, vacate, or modify a judgment of the district court, * * *" etc.   Section 6069, Id. (Rev. Laws 1910, sec. 5238):   "The proceedings to obtain such reversal * * * shall be by petition in error filed in the Supreme Court * * * and thereupon a summons in error shall issue and be served or publication made as in the commencement of an action.   A service on the attorney of record in the original case shall be sufficient. * * *"

(Syllabus by the Court.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Two actions, one by James C. Dean, the other by R. O. Dawson, both against the Clinton & Oklahoma Western Railway Company. Judgment for plaintiffs, and defendant brings error. Dismissed.

*G. W. Cornell,* for plaintiff in error.

*R. J. Shive,* for defendants in error.

LOOFBOURROW, J.    From the record in this case it appears that in February, 1912, in the superior court of Custer county, Okla., there were then pending two separate causes of action, each being a condemnation proceeding, one in which James C. Dean was plaintiff and the other R. O. Dawson plaintiff, and in both of which the Clinton & Oklahoma Western Railway Company was defendant, and by consent of parties both cases were disposed of in one trial to the same jury; R. J. Shive being the attorney in said trial for James C. Dean, and A. E. Darnell being the attorney in said trial for R. O. Dawson.    After verdict and judgment in both cases a case-made was prepared by the plaintiff in error; the same being delivered to the defendant in error Dean, and suggestions of amendments were made by R. J. Shive, attorney for Dean.    Thereafter the case was settled; Attorney A. E. Darnell signing the name of R. J. Shive, attorney for James C. Dean, defendant in error, accepting and acknowledging service of the case-made; and said Darnell also signed the name of R. J. Shive, attorney for James C. Dean, defendant in error, to stipulation attached to case-made, waiving the issuance and service of summons in error from the Supreme Court of the state of Oklahoma, and on September 15, 1913, R. J. Shive, attorney for defendant in error, filed a motion to dismiss the appeal of the plaintiff in error for the reasons:

"First.    That no summons in error has even been issued and the time allowed for doing same has expired.    Second.    Defendant in error has never been served with summons in error, nor has he ever waived service."

In support of such motion Shive attached thereto an affidavit in substance:

"* * * I have never been served with summons in error; neither has my client ever been; neither have I ever waived summons in error. On page — of the case-made filed in the Supreme Court is what purports to be an acceptance of service of the case-made and also what purports to be a waiver of service of summons in error, with the name of R. J. Shive signed to it, but the same is not my signature. I did not sign same and did not authorize any other person to do so, but whoever signed said name to said instruments did so without my knowledge or consent. * * *"

In opposition to such motion to dismiss, the attorney for plaintiff in error filed counter affidavits, among them being the affidavits of A. E. Darnell, in which affidavits Darnell states that he signed the name of R. J. Shive to case-made, and the stipulation waiving issuance of summons in error, and further states that he relied solely on a letter written by R. J. Shive for his authority for signing the name of R. J. Shive to such instruments; said letter reading as follows:

"Sulphur, Okla., May 19. Friend Darnell: I suppose that Cornell will serve notice to settle the case-made in the Dean and Dawson case in a few days. I want you to see that he does not put anything in the record that does not belong there. When he delivered the case-made to Dean he handed him a letter stating that he desired to except more particularly to the instructions. Now, you know that he has no right to save exceptions to instructions now, or to make any objection that was not made at the time. *Patterson v. State,* 4 Okla. Cr. 542 [113 Pac. 216]. The instructions were the same in both cases. I will not be there when the case-made is settled. Will not be there until the county court meets in July. Respectfully, R. J. Shive."

From this letter it does not appear that Mr. Darnell was authorized to waive the issuance of summons in error in this case. We have carefully examined the numerous affidavits submitted by both sides of this controversy and fail to find any evidence of authority being conferred upon A. E. Darnell to waive the issuance of summons in error and the service thereof in this case for and in behalf of the defendant in error, James C. Dean. It is not sought by any of the parties hereto to charge

Mr. Darnell with any bad faith in this transaction, as it appears to have been purely a misunderstanding or misapprehension on the part of Mr. Darnell in signing the name of Shive.

The time having elapsed in which service of summons in error may be had, the appeal must be dismissed.

All the Justices concur.