Adolph WYATT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14426.

Court of Criminal Appeals of Oklahoma.

July 24, 1968.

Rehearing Denied April 9, 1969.

Second Rehearing Denied May 7, 1969.

Smith & Lewis, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Justice.

Adolph Wyatt, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, for the crime of Carrying a Concealed Weapon After Former Conviction of a Felony. He was sentenced to serve a term of two years imprisonment in the State Penitentiary at McAlester, and from said judgment and sentence he appeals.

Briefly stated, the facts that give rise to this appeal are that on the evening of August 2, 1966, at approximately 8:45 p.m., Officer Steelman was driving a patrol car of the Oklahoma City Police Department, accompanied by Officer King, when they observed an automobile going from side to side on the streets of Oklahoma City and being operated in an erratic manner. They used their emergency equipment and stopped said vehicle and found one Claude Mumford to be the driver of the car and the defendant, a passenger in said vehicle, was sitting in the right hand front seat of said vehicle. After the officers stopped the car, they directed the occupants to get out of the car and when they did, Officer King observed a loaded German-made automatic pistol Bohmische-Waffenfabrik, 32 caliber, Serial Number 73195, laying in the front seat of the car. (It was brought out on the trial that the shells in said gun were no more than a year old). Officer King first advised the defendant of his constitutional right to remain silent and then inquired about the ownership of the 32 caliber automatic pistol and the automobile, and the defendant informed him he owned both. Defendant was thereafter placed under arrest and subsequently charged with the offense of which he now stands convicted.

Evidence introduced on behalf of the defendant was, in substance, that his sister, Mrs. Barbara King Rambo, had placed the pistol in the defendant's car under a pillow on the front seat and had failed to inform him that she had done so. This witness testified that the weapon in question was a relic brought back from World War I by her brother who now lives in Watonga, and that the weapon was given to her father and after his death to her mother. She further stated that the defendant had frequently indicated he would like to have the weapon as a keepsake and they had discussed this many times. She further stated that after the death of her mother she decided to give the weapon to her brother, the defendant, as a keepsake and

that on the evening in question she had placed it in his car without his knowledge. She also stated that she did not know whether the gun was loaded or not.

Several daughters of the defendant were then placed on the witness stand, some of whom stated they knew the defendant's desire to have the pistol as a keepsake, but none of whom had ever seen the pistol in his possession. Defendant did not take the stand and rested his case at the conclusion of which the court instructed the jury. The defendant, by stipulation, admitted the former conviction of a felony. The defendant offered his requested instruction which was couched in the following language:

"Ladies and gentlemen of the Jury, you are instructed that it is the theory of the defendant in this case that at the time he was arrested, he was on his way home and he did not know that the gun was in the car.

You are instructed that this is a legitimate defense and after a full, fair consideration of the facts and circumstances in this case you find that the defendant did not know the gun was in the car or you have a reasonable doubt as to whether or not he knew it was in the car, it is your duty to so say by returned [sic] a verdict of not guilty."

This instruction was refused by the court and Instruction No. 6 was given instead, which is as follows:

"You are further instructed that the defendant has interposed as a defense in this case that at the time of the alleged offense, he was on his way home and did not know that a gun was in the automobile.

You are further instructed that if you find from a consideration of the facts and circumstances in this case that the defendant did not know that the gun was in the automobile, or if you entertain a reasonable doubt, thereof, you will find the defendant Not Guilty."

We are of the opinion that even the most cursory examination of the requested instruction and that given by the court makes it abundantly clear that the court clearly and correctly instructed on the defendant's theory of defense and we are therefore of the opinion that the defendant's contention that the trial court erred in refusing to give the requested instruction is without merit.

It is also contended that the trial court erred in giving Instruction No. 5, to which the defendant excepted. The record does not reflect that an exception was taken to this instruction, and while a serious question might be raised had an objection been taken to the instruction, and exception allowed, we are of the opinion that the failure of defendant to except to the giving of this instruction constituted a waiver to the giving of the same. In Patterson v. State, 4 Okl.Cr. 542, 113 P. 216, this Court stated that exceptions to instructions should be taken when they are given to the jury, and the trial court cannot allow exceptions not taken at that time. Notwithstanding Patterson v. State, supra, we have examined the complained of instruction and are of the opinion that standing alone and properly objected to, the same is an incorrect statement of the law; however, counsel for defense apparently did not consider it so fundamentally erroneous that he deemed it necessary to call it to the attention of the trial court in order to give him an opportunity to make a correction prior to the submission of the case to the jury. He cannot, therefore, hide behind a log and raise it on appeal. Our examination of the other instructions leads us to the conclusion that they correctly state the law applicable to the facts presented for the jury's consideration and being of the opinion that the evidence amply supports the verdict of the jury, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.