JODIE McDONALD v. STATE.

No. A-9013. May 29, 1936.
(58 Pac. [2d] 345.)

Paul D. Sullivan and Wilkinson & Wilkinson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error was tried and convicted in the district court of Stephens county of the larceny of an automobile, and in accordance with the verdict of the jury he was sentenced to imprisonment in the state penitentiary for the term of five years.  A new trial having been denied, appeal is taken from the judgment.

The specific charge in the information was that in said county on the 24th day of February, 1935, he did take and steal one Chevrolet coupe automobile, the personal property of Temple Chronister, of the value of $350.

The first assignment is that'the verdict of the jury is contrary to law and is not supported by the evidence.

The undisputed testimony offered by the state shows that Temple Chronister lived at Comanche, was the owner of a 1935 Chevrolet coupe automobile; that on Sunday

night, February 24th, about 7:30 p. m., he parked the car in front of Mr. Davenport's, a neighbor, and visited in the Davenport home; that he missed the car about 9 o'clock and notified the officer at Duncan; the car had a blanket, a bunch of tools, and a motor clock in it. The next time he saw his car was the following afternoon, about a half mile south of Dixie, on the road to Ringling, Dixie being about 30 miles east of Comanche; that the blanket he had in the car was missing.

J. C. Byrum testified that he operated a filling station at Dixie; that about 11 o'clock on that Sunday night two young men called him out of bed and wanted some gasoline; they told him they lived at Lone Grove and had no money and wanted to deposit a blanket with him for some gasoline; they said the car was about one-half mile south of Dixie; that he gave them a couple of gallons of gasoline; they borrowed a bucket to carry it in, saying that they would bring the bucket back. He told them to take the blanket with them, as it was a cold night, and they did, but they did not return.

Mrs. M. B. Parsons testified she lives at Ringling; that on Sunday night, February 24th, the defendant, Jodie McDonald, and her nephew Ernest White came to her home about midnight and stayed all night; that she heard one of them remark that they would have frozen if they did not have the blanket; that they left her home about 9 o'clock Monday morning; that she found a blanket folded up in the room that they occupied. M. B. Allen, a deputy sheriff, came to her house and took the blanket.

Witness Chronister identified the blanket as the one he had in his car the night it was stolen. That when he found his car the battery was run down and one tire was flat. His blanket, tools, and motor clock were missing.

Henry Therlo testified that he was city marshal of Comanche; that on the Friday following February 24th, he went to Ringling and secured the blanket from Mr. Allen and brought it to Comanche; that he arrested Jodie McDonald at his father's home; that the defendant told him that he was in Comanche all of the night of February 24th.

Jim Skelton, deputy sheriff, testified that the defendant told him that he was in Comanche Sunday night, February 24th, and that about 9 o'clock he went home and stayed all night.

At the close of the evidence for the state the defendant interposed a general demurrer to the evidence which was overruled.

The defendant did not testify and offered no evidence.

Where a conviction is sought to be sustained by circumstantial evidence, the hypothesis of guilt should flow naturally from the facts and circumstances in evidence and be consistent with and point to guilt, and they must be inconsistent with innocence. However, it rarely happens the perpetrators of an offense, committed in the manner here proven, can be shown by witnesses who saw and recognized the defendants in the act, and resort must therefore ordinarily be had to circumstantial evidence. The presumption arising from the possession of stolen property is one of fact, and not of law, and possession of property recently stolen, and unexplained, is a circumstance to be considered and given such weight as the jury may see fit.

An examination of the record leaves no reasonable question in our mind as to the sufficiency of the evidence to justify submitting to the jury the question as to the

defendant's guilt. The jury saw the witnesses, heard the testimony, and by their verdict found the defendant guilty, and upon the undisputed facts and circumstances which evidence shows, we cannot resist the conclusion that the verdict was fully warranted by the evidence.

The only other assignment of error is the alleged misconduct of the assistant county attorney in his argument to the jury in using the following language: "What does the defense say about this? They don't say anything, it is undisputed."

The record does not contain the argument of counsel except the above excerpt and the closing argument of the county attorney. It appears from the record that the only objection made was interposed at the close of the argument, as follows:

"Comes now the defendant, Jodie McDonald, and moves the court to declare a mistrial for the reason that the county attorney in his closing argument commented upon the fact, and inferred to the jury that the defendant did not take the stand in this action."

Our Code, section 3068, St. 1931, provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

It is contended that the statement of the assistant county attorney was equivalent to saying that the defendant had failed to take the stand to testify in his own behalf.

We cannot agree with counsel's contention in this respect. Fairly interpreted, it is an assertion that there had been no evidence controverting that presented by the state.

The statute, section 3068, supra, is comprehensive in the extreme and this court will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witnesses in his behalf. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the state's evidence by proof other than that which might be given by the defendant personally. Murrell v. State, 34 Okla. Cr. 413, 246 Pac. 644; McDaniel v. State, 35 Okla. Cr. 425, 250 Pac. 804; Soper v. State, 22 Okla. Cr. 27, 208 Pac. 1044.

Ordinarily, error cannot be predicated upon mere unexplained excerpts from the remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context, and whether or not they were invited or provoked by remarks made by the opposing counsel. Wilson v. State, 24 Okla. Cr. 332, 217 Pac. 885.

Upon consideration of the entire record, we find no injustice done to the defendant and nothing that would warrant us in disturbing the verdict.

The judgment appealed from is accordingly affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.