## BOB KILLOUGH v. STATE.

No. A-9066.  Sept. 4, 1936.
(60 Pac. [2d] 808.)

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was by information charged with the possession of a still capable of being used in the manufacture of whisky; was tried, convicted, and sentenced to pay a fine of $50 and to be confined in the county jail for a period of 30 days.

The testimony on behalf of the state shows the sheriff of Jackson county and a number of his deputies went out in the country to a farm known as the Helms farm looking for a still; they finally located it in a ravine; at the still were eighteen barrels of mash. Curley Sanders was in a dugout a short distance from where the still was found. Sheriff H. A. Savage stated:

"I arrested Sanders and sent him to town; in a few minutes Benton Walker came and kicked at the door of the dugout; Walker had a ten or twelve gallon galvanized tank tied on his car, and a thirty-gallon barrel of gasoline in the turtle. I arrested Walker and sent him to town. This still was located on what is known as the Helms place; I found one of the Helms boys was living on the farm; the house was about three-quarters of a mile from where I found the still; you could not see the still from the home place."

The still was identified by the witnesses and introduced in evidence.

Witness further stated Curley Sanders pleaded guilty and was fined $50 and sentenced to 30 days in jail. Rogers Helm, testifying for the state, stated:

"Ralph Helm is my brother; the still was located on the Helm's place which belonged to the heirs and was under the control of Ralph Helm. Benton Walker rented this place from my brother for the purpose of locating a still on the land down in the canyon by the spring branch; my brother was to get $20 a week for the privilege of their keeping the still on the place; I had no interest in it.

"I saw Bob Killough down at the still while Benton Walker was in jail; he hauled whisky away from it, said he would have to take the whisky and sell it to get Benton out of jail; the still was taken away for a few days and brought back to where it was previously located; I saw Benton Walker, Curley Sanders and Bob Killough

at the still. The defendant Killough said as long as he had anything to do with the still he would see somebody was there to take care of it."

On cross-examination the witnesses in substance stated the same facts as they did on direct examination, and positively denied having any interest in the still or whisky made at the still. He further stated they gave him some whisky, but that he did not drink and the whisky was so bad he poured it out. There is no evidence on the part of the defendant contradicting any of the statements made by the state witnesses.

Motion for a new trial was filed, considered, overruled, and the defendant duly excepted. The defendant has assigned nine errors alleged to have been committed in the trial. In his argument two of these errors are argued. The first is that the court erred in not telling the jury that Rogers Helm and Ralph Helm were accomplices with the defendant in this case.

While the testimony in this case borders very closely on the line of the Helm boys being accomplices and being interested in this still, it is not sufficient to show the Helm boys were accomplices. The Helm boys admit they knew the still was being run on their land and that Ralph Helm had rented the land on which the still was located and operated. Rogers Helm knew it was being operated, but neither of the boys complained or objected to it being operated on their land; both denying they had any interest in the still.

The testimony in this case is not sufficient to show these boys were accomplices with the parties who owned and operated the still. Their conduct, however, is not such as is expected of good law-abiding citizens; if not aiding and abetting, they acquiesced in the defendant and

his associates violating the law and did not report the fact that the defendant was operating a still on their farm to the officers.

The next and only question argued by the defendant is the improper conduct of the county attorney. The statement of the county attorney is not reported by the stenographer, and is only available by reason of a statement of the attorney for the defendant and the county attorney incorporated in the record; the defendant's attorney insisting the county attorney stated:

"No witness has denied that the defendant made certain statements to the witness Helm, and that no witness has taken the witness stand to deny it."

The county attorney admitted he made the following statement:

"No witness on the part of the defense had disproved or denied the evidence of the state."

The substance of the statement complained of was finally incorporated in the record at the suggestion of the court that the record show that the attorney stated:

"The statement made by the witnesses for the state is not disputed."

This court has repeatedly held:

"A conviction will not be reversed on the ground of alleged misconduct of counsel for the state, unless, upon consideration of the whole case, this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might have in some degree influenced the verdict of conviction."

Murray v. State, 24 Okla. Cr. 113, 217 Pac. 891; Payne et al. v. State, 21 Okla. Cr. 416, 209 Pac. 334.

No motion was made by the defendant to have the court exclude the statement of the county attorney from the jury. After considering the statement made by the county attorney, we are forced to believe that the county attorney had in mind that the defendant had not denied the statement of the Helm boys and was trying to impress this fact upon the jury, and that the defendant had offered no testimony to prove his innocence.

The statement contained in the record has been carefully examined and considered, and the authorities cited in support of the contention of the defendant, and it is the opinion of the court that the statement attributed to the county attorney does not amount to a comment upon the failure of the defendant to testify. The guilt of the defendant is not denied. The testimony is amply sufficient to sustain the judgment. The defendant was accorded a fair and impartial trial under the law and the facts, and shows no legal reason for reversal of this case.

The judgment of the trial court is affirmed.

DOYLE, J., concurs. EDWARDS, P. J., not participating.