ALFRED PRESNELL v. STATE.

No. A-9732.   Jan. 22, 1941.

(109 P. 2d 834.)

Chas. E. Webster, of Drumright, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Alfred Presnell, was jointly charged in the district court of Payne county, Okla., with one Richard Mansker and one Bill Foster with the crime of burglary in the second degree. A severance was granted; the defendant, Alfred Presnell, was tried, convicted, and sentenced to serve a term of two years in the State Penitentiary, and has appealed to this court.

The defendant makes two assignments of error before this court:

(1) Error of the court in refusing to give defendant's requested instruction on circumstantial evidence.

(2) Certain remarks made by the county attorney in his argument to the jury were prejudicial to the defendant's rights and constituted reversible error.

On May 27, 1936, a warehouse belonging to the Carter Oil Company, which contained oil field supplies, was broken into during the daytime. The warehouse was built of tin, reinforced with lumber. The tin and boards had been pried loose from a portion of the north side. The defendant, as identified by three witnesses who drove up while the building was being burglarized, was seen to run from this opening which had been made in the building. Four gate valves had been carried from the building and were left on the outside of the hole. Defendant was arrested at Drumright by officers there because a parked car owned by defendant's brother was abandoned near the

warehouse, and the description of one of the burglars fitted the defendant; and when seen in jail by the employees of the company, they positively identified him as one of the burglars.

The defendant did not testify. He offered alibi witnesses to show that he was not at the warehouse at the time the crime was committed.

As to the defendant's contention that the court erred in refusing to give his requested instruction on circumstantial evidence, it was held by this court in Bradley v. State, 18 Okla. Cr. 503, 196 P. 730:

"Instructions requested must be applicable to the evidence. The trial court is not compelled to give any certain requested instruction, although it may state a correct proposition of law, where there is no evidence upon which to base the request."

The state did not base its case upon circumstantial evidence, but upon the actual, positive identification of the defendant as having been present at the breached wall in the warehouse and as having fled when surprised by employees of the Carter Oil Company. An alibi instruction was given to the jury. And since the defendant relied for his defense solely upon alibi witnesses, it was within the province of the jury to determine the truthfulness of the alibi.

The court was correct in not giving an instruction on circumstantial evidence. There were circumstances which caused the arrest of the defendant by officers at Drumright; but upon the trial of the case, the state relied solely upon the testimony of the employees that the defendant was the person they saw running from the warehouse at the time they approached.

The defendant contends that reversible error was committed by the county attorney in calling the attention

of the jury to the fact that the defendant had not testified in his own behalf in using the following words:

"The witness Deehan, who is now deceased, in his testimony identified this defendant, and that has not been denied or contradicted by any one in this case."

In Perkins v. Territory of Oklahoma, 17 Okla. 82, 87 P. 297, it is stated:

"Where a defendant fails to offer any evidence, the prosecution is not prevented from discussing the evidence against him, and to insist that such evidence is undisputed; but a prosecuting officer under the statute must refrain from calling attention of the jury to the fact that a defendant has failed to testify in his own behalf. Wilson v. Territory, 9 Okla. 331, 60 P. 112."

The case of Chesser v. State, 63 Okla. Cr. 84, 73 P. 2d 191, 192, was very similar to the facts in the case at bar. The defendant in that case was charged with larceny of domestic animals. The defendant did not take the witness stand, and his defense was an alibi. In that case this court, in a well-considered opinion by Judge Doyle, stated:

"Statements of the prosecuting attorney, in argument to the jury, 'Why couldn't they contradict the state's testimony, but not one place do they do that,' and 'I say again there is no evidence offered to contradict the state's evidence in this case,' held, not a comment upon the failure of the defendant to testify as a witness in his own behalf, within the meaning of section 3068, St. 1931 (22 Okla. St. Ann. § 701)."

That decision is controlling in the disposition of the instant case. See, also, Lakes v. State, 61 Okla. Cr. 252, 67 P. 2d 457; McDonald v. State, 59 Okla. Cr. 318, 58 P. 2d 345; McDaniel v. State, 35 Okla. Cr. 425, 250 P. 804; Murrell v. State, 34 Okla. Cr. 413, 246 P. 644.

The jury, in returning their verdict, recommended that the sentence of two years be suspended during the good behavior of the defendant. This is a matter ad-

dressed to the sound judicial discretion of the trial judge. The trial court in passing sentence, of course, has a right to inquire into the past reputation and conduct of the defendant, which might possibly bring forth matters which would prevent the defendant from receiving a suspended sentence. Unless such investigation shows conduct on the part of the defendant, which indicates that he is not eligible under the statute to receive a suspended sentence for this crime by him committed, this court is of the opinion that great weight should be attached to the recommendation of the jury.

Finding no material error in the record sufficient to require reversal, the judgment of the district court of Payne county is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.