## WILLIAM R. VINCENT v. STATE.

No. A-10084. Sept. 16, 1942.
(129 P. 2d 214.)

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

J. Forrest McCutcheon, of Dallas, Tex., for defendant.

BAREFOOT, P. J. Defendant, William R. Vincent, was charged in the district court of Oklahoma county with the crime of unlawful possession of intoxicating liquor and, as a second offender, was tried, convicted and sentenced to pay a fine of $1,000, and serve six months in the penitentiary, and has appealed.

This case involves the same defendant as the case of William R. Vincent v. State, 75 Okla. Cr. 116, 129 P. 2d 196. These cases were the outgrowth of searches and seizures of intoxicating liquor at defendant's place of business, "The Alamo Courts", on the 5th day of October, 1940. By reason of the facts stated in that case, it will be unnecessary to give but a brief statement here. It was alleged in the information as follows:

"On the 5 day of October, A. D., 1940, in Oklahoma County, State of Oklahoma, William R. Vincent, whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and feloniously commit the crime of illegal possession of whisky after former conviction. For that he the said defendant did then and there unlawfully, wilfully, and wrongfully and feloniously have the possession of a certain quantity of intoxicating liquor, to wit; ten pints of whisky, the said having the possession of said intoxicating liquor as aforesaid being then and there with unlawful, wilful, wrongful and felonious bartering, selling and giving away and otherwise furnishing the same to divers persons unknown, and the said offense of illegal possession of whisky was then and there

committed after the defendant had formerly been convicted of violating the prohibition laws of the State of Oklahoma, to wit; Charge #4472, now pending in the Common Pleas Court in and for Oklahoma County, Oklahoma; charge #4321, wherein defendant plead guilty July 14, 1940, in the Common Pleas Court the defendant receiving a sentence of 60 days in the County Jail and $100.00 fine; also in the following numbered charges wherein the defendant did, on the said 15th day of July, 1940, plead guilty receiving a sentence of sixty days and a fine of $100.00 in each, being numbers 4312, 4209 and 4116; contrary to the form of the statutes in such case made and provided against the peace and dignity of the State of Oklahoma".

This prosecution is under Oklahoma Statutes 1931, section 2632, O. S. A. (Stat. 1941), Title 37, § 12, which is as follows:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the State Penitentiary, and it shall be mandatory upon the trial judge in cases where anyone has been convicted under any provision of this act, to pronounce sentence within ten days from the date of conviction."

It is first contended that the court erred in overruling the demurrer of the defendant to the information. This contention is based upon the fact that the information, in pleading the former convictions, does not allege that they were committed in any county or in Oklahoma and that they were, therefore, not clear, concise and unambiguous and did not inform the defendant of the crime with which he stood charged nor the court in which the prior offense is alleged to have been charged.

It may be true that the information is not full and

complete as it might be but this is a very technical objection. Oklahoma Statutes 1931, section 2892, Oklahoma Statutes Annotated (Stat. 1941), Title 22, § 410, is as follows:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

It is unnecessary to cite the many cases from this court in which this statute has been construed. It has often been held that the true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain but whether it alleges every element of the offense intended to be charged and sufficiently apprises defendant of what he must be prepared to meet. Clark v. State, 63 Okla. Cr. 138, 73 P. 2d 481. In the instant case the information charges the defendant with the unlawful possession of intoxicating liquor on a certain date, to wit, Oct. 5, 1940; that this possession was "after the defendant had formerly been convicted of violating the prohibition laws of the State of Oklahoma". It then charges "to wit, Charge #4472, now pending in the Common Pleas Court in and for Oklahoma County, Oklahoma". Of course defendant could not be convicted as a second offender by reason of the fact that there was a charge pending against him and in which there had not been a final judgment and sentence. If this was the only charge made, the demurrer to the information should have been sustained. But it is further alleged "Charge #4321; when defendant plead guilty July 14th, 1940, in the Common Pleas Court, the defendant receiving a sentence of sixty days in county jail and a one hundred dollar fine". The information also charging in the same manner three other cases, in

which the number of the case was given and the amount of the fine and jail sentence imposed. We think these allegations should be construed together with the allegations above stated where it was alleged in the information that "defendant had formerly been convicted of violating the prohibition laws of the State of Oklahoma" and "in the Common Pleas Court in and for Oklahoma County, Oklahoma". There can be no question but that upon reading the above information defendant was apprised with what crime he was charged and that it was in such terms that a second offense could not be made against defendant growing out of the same facts. Scott v. State, 40 Okla. Cr. 296, 268 P. 312; Cotton v. State, 22 Okla. Cr. 252, 210 P. 739; Price v. State, 9 Okla. Cr. 359, 131 P. 1102; State v. Feeback, 3 Okla. Cr. 508, 107 P. 442; Warren v. State, 24 Okla. Cr. 6, 215 P. 635. It of course would have been better pleading if it had been charged after each case referred to that it had occurred in Oklahoma county, Oklahoma, but for the reasons above stated and the decisions of this court in construing the statutes above quoted, the information was good against a general demurrer.

The next contention is that the court erred in overruling defendant's motion to suppress the evidence, because the officers did not have a search warrant. The facts with reference to this have been fully stated in the case of William R. Vincent v. State, 75 Okla. Cr. 116, 129 P. 2d 196, to which reference has heretofore been made. The defendant sold one pint of whisky to certain state officers for the sum of one dollar and a half. He was standing in front of his place of business when this sale was made. The officers immediately placed him under arrest and informed the other officers of the fact that he had been placed under arrest. These officers then

searched defendant's premises and found the nine pints of whisky in a plant in a flower bed on defendant's premises. Under these facts it was unnecessary for the officers to procure a search warrant. They had arrested defendant and had the right under the law to search him and his immediate surroundings. They had seen him go toward the plant to get the whisky which was sold to the officers and under these circumstances the search was proper. We suggest, however, that it would have been better pleading had the county attorney filed a charge against this defendant with the sale of intoxicating liquor, instead of possession. The question raised as to the search warrant would have been eliminated had the defendant been charged with sale of intoxicating liquor, instead of possession.

It is next contended that the judgment and sentence is in violation of the constitutional rights of the defendant and contrary to the law and the evidence. This question has been decided against the contention of the defendant in the prior case, heretofore cited.

Finding no error, the judgment and sentence of the district court of Oklahoma county is affirmed.

DOYLE and JONES, JJ., concur.