## CLAYBE YEARGAIN v. STATE.

No. A-10219.   Feb. 10, 1943.
(134 P. 2d 142.)

O. F. Mason, of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM.   This appeal is from a judgment of the county court of Ottawa county, rendered in accordance with the verdict of a jury finding Claybe Yeargain guilty of unlawful transportation of intoxicating liquor and fixing his punishment at a fine of $100 and 30 days in jail.

On October 4, 1941, his motion for a new trial was overruled; thereupon the court rendered judgment and sentence in accordance with the verdict.

The case-made and petition in error were filed in this court January 31, 1942.

The errors assigned are in substance that the verdict of the jury is contrary to the law and to the evidence; that the court erred in admitting incompetent evidence, duly excepted to; that the court erred in overruling the defendant's demurrer to the evidence, and erred in giving certain instructions to the jury.

No testimony was given by the defendant or by any witness in his behalf.

One of the grounds of the motion for a new trial and upon which error is assigned is:

"Misconduct of the county attorney in argument, wherein he commented on the failure of the defendant to testify in his own behalf."

No briefs have been filed and there was no appearance on the part of the defendant when the case was called for oral argument and final submission.

The uncontroverted evidence as shown by the testimony of the two witnesses for the state supports each and every essential allegation of the information.

This court has repeatedly laid down the rule where no counsel appears and no brief in support of the petition in error is filed, this court will not diligently search the record to discover error, but will look to the jurisdiction of the court and the sufficiency of the evidence to support the conviction, and if it reasonably supports the verdict and no fundamental error is apparent, the judgment of conviction will be affirmed.

The record does not contain the argument of the county attorney. However, it appears that when the county attorney was making his closing argument Mr. Mason (counsel for defendant) stated:

"We object to the argument of counsel for the state as to defendant's failure to present evidence.

"The Court: The jury will not consider remarks about the defendant's failure to put on any evidence."

In the case of Chesser v. State, 63 Okla. Cr. 84, 73 P. 2d 191, 197, we reviewed the precise question here presented by the record, and that case is decisive of the question under consideration. In the course of the opinion we said:

"Our Code, § 3068, 22 Okla. St. Ann. § 701, is the section which permits one who is accused of crime to waive his privilege of standing mute and allows him to testify as a witness in his own behalf. The section concludes with this language:

" 'The person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial.'

"It is contended that the statement of the county attorney was equivalent to saying that the defendant had failed to take the stand to testify in his own behalf.

"We cannot agree with counsel's contention in this respect. Fairly interpreted, it was an assertion that there had been no evidence controverting that presented by the state. It was in effect a comment on the fact that testimony of witnesses for the state had not been contradicted."

And see Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834; Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646.

It is our opinion the county attorney did not exceed his privilege.

Finding no error in the record, prejudicial to the rights of the defendant, the judgment appealed from is accordingly affirmed.