# BUSH v. STATE.

No. A-11079.   Feb. 23, 1950.

(215 P. 2d 577.)

Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   The defendant, Wesley Bush, was charged by information filed in the court of common pleas of Tulsa county with the crime of unlawful possession of intoxicating liquor, was tried before a jury, found guilty, and was sentenced to be imprisoned in the county jail of Tulsa county for 30 days and to pay a fine of $250.   Appeal has been perfected to this court.

The state used but one witness, Deputy Sheriff Roy Rains, who testified that on February 25, 1948, he had a search warrant to search an automobile owned by the defendant.   He and Officer Tommy Warren located the car parked near the fairgrounds in Tulsa county; that it was after dark, about 8 p. m.; that the officers later followed the car to near the ball park where it was stopped by them; that the defendant was driving and that another man was in the car with him; that the officers searched the car and found 10 pints and five four-fifths gallons of tax-paid whisky in the front of the car on the floor.

The defendant did not testify and offered no evidence. At the close of the case, the county attorney and defendant's attorney entered into a stipulation that the court might instruct the jury orally and use the instructions given in a case that had just been tried prior to the calling of the within case.

For reversal of his conviction, the defendant sets out in petition in error eleven assignments of error, but they are argued together.   First, defendant claims that his reputation was placed in issue when he did not take the witness stand.   He argues that it was reversible error

for Deputy Rains to recite an alleged conversation had with the defendant at the time of the arrest, and alleges that such testimony was given to prejudice him with the jury.

The questions asked and answers given by Deputy Rains and which were objected to by counsel for defendant, were as follows:

"Q. Did you have any conversation with Wesley Bush at that time? A. Yes, he complained about being searched, and that he had been knocked off too many times since Christmas. * * * Q. Was there any other conversation had with the defendant at that time? A. Well, he wanted to know why we were riding him and were not raiding some of the others, and I just told him that I did not know how it happened, that we did not intend it that way, but it just so happened that he was caught with the whisky. That it might just happen that this was his night to get it."

The county attorney is presumed to have interrogated his witness prior to placing him on the witness stand and to have known what his testimony would be. The witness was an experienced officer, and no doubt knew what evidence was competent and what was not competent. The statements recited had no bearing on the guilt or innocence of the defendant of the crime charged. If the witness had taken the stand and denied that the whisky found in his car was his property, or denied that he had knowledge of the same being in his car, the recitation of the alleged conversation would have been proper. As it was, although the evidence of defendant's guilt is conclusive, the incompetent evidence may have had some bearing on the amount of fine assessed, so that in furtherance of justice the judgment will be modified by the Criminal Court of Appeals. Tit. 22 O.S.A. § 1066; Tucker v. State, 89 Okla. Cr. 30, 204 P. 2d 540; Wire v. State, 87 Okla. Cr. 44, 194 P. 2d 212.

Defendant contends that the county attorney called to the attention of the jury in his argument to the jury the fact that defendant did not testify in his own behalf, when he stated that "The evidence of Roy Rains has not been denied or contradicted." The applicable statute is Tit. 22 O.S.A. § 701. This statute has been in a number of cases construed in connection with similar statements made by prosecuting attorneys in argument to jury, and has been held not to constitute error.

In McDonald v. State, 59 Okla. Cr. 318, 58 P. 2d 345, 346, this court said:

"The statute, section 3068 supra [Tit. 22 O.S.A. § 701] is comprehensive in the extreme and this court will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witnesses in his behalf. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the state's evidence by proof other than that which might be given by the defendant personally."

See, also, Sellers v. State, 88 Okla. Cr. 114, 200 P. 2d 443; Passmore v. State, 87 Okla. Cr. 391, 198 P. 2d 439.

It is next argued that the court erred in giving instructions Nos. 3 and 8.

Instruction No. 3 relates to the possession of more than one quart of whisky as prima facie evidence of intent to sell. This instruction tended to shift the burden of proof to the defendant, and was insufficient, as has been held in a number of cases by this court. See Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476.

Instruction No. 8 involved reasonable doubt. The definition given has been held by this court to be incorrect. See Price v. State, 1 Okla. Cr. 358, 98 P. 447.

The record in this case shows, however, that at the completion of the introduction of the evidence, the parties entered into the following stipulation:

"It is hereby stipulated and agreed by and between the Attorney for the State of Oklahoma, and Attorney for the defendant in this case, that instructions in case 54381, entitled State of Oklahoma, plaintiff, vs. Bob Parker, may be considered and used as the instructions in this case, with the exception of the statement of the case, and other matters pertaining to this case, and that said Instructions in this case to the jury may be made by the court orally."

The effect of such stipulation was to request the court to give the instructions now complained of. This court has in many cases held that a defendant cannot complain of instructions given at his request. Patterson v. State, 4 Okla. Cr. 542, 113 P. 216; Allen v. State, 16 Okla. Cr. 136, 180 P. 564. And under the circumstances recited, the error, if any, was invited.

For reasons heretofore recited and under the provisions of Tit. 22 O.S.A. § 1066, the judgment and sentence should be and hereby is modified to a fine of $50, and to 30 days in the county jail of Tulsa county, and as so modified, is affirmed.

JONES, P. J., and BRETT, J., concur.