## ARMSTRONG v. STATE.
### No. A-11873.

Criminal Court of Appeals of Oklahoma.
Jan. 6, 1954.
Rehearing Denied Feb. 10, 1954.

Ira Monroe, Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Grant Armstrong was charged by an information filed in the County Court of Custer County with the illegal possession of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and to pay a fine of $50 and costs, and has appealed.

Two assignments of error are presented: One, the court erred in overruling the motion to suppress evidence; two, the county attorney was guilty of misconduct in his argument to the jury.

The trial court had a separate hearing on the motion to suppress evidence before the commencement of the trial. At this hearing, eight witnesses testified, but the defendant did not testify. This evidence showed that on the night of September 17, 1953, the defendant was at a tavern in the City of Clinton, known as Stack's Bar, in an intoxicated condition. Two policemen of the City of Clinton saw the defendant at the tavern but did not arrest him for the reason, as testified by the policemen, that they "decided to give him a break," and that defendant promised if they did not take him to the police station he would take a taxicab home immediately. The officers left the tavern and about 25 minutes later received a call over their car radio from the police captain to go back to

Stack's Bar and arrest defendant because he was still raising a disturbance and had hit a girl. Just as the officers arrived at the bar they observed the defendant and one Dodson leaving the place in the automobile of the defendant with Dodson driving. They stopped the automobile, placed the defendant under arrest and later at the police station observed 6½ pints of whiskey on the floor of the car, some of it under the back seat.

Defendant contends the arrest was unlawful and the subsequent search was illegal for these reasons: First, the officers had no search warrant nor warrant of arrest for the accused. Second, no crime was committed in the presence of the officers which justified his arrest. Third, no felony had been committed which would have authorized the arrest of the accused upon reasonable grounds of having committed a felony.

The evidence also showed at the hearing on the motion to suppress evidence that after the officers first observed the defendant at the tavern, he did not leave as he promised the officers, but created quite a disturbance among the patrons of the tavern, which was culminated when he struck one of the waitresses over the head with a beer bottle and then took the broken bottle and struck her on the breast, cutting her in two places. There was no dispute in the evidence but that the defendant was intoxicated during all of the time in question. He was charged with assault with a dangerous weapon, but later entered his plea of guilty to assault and battery and paid a fine of $50 and costs.

It is established law that the finding of a trial court at a hearing on a motion to suppress evidence will be sustained where there is any competent evidence in the record reasonably tending to support his finding. Glance v. State, 89 Okl.Cr. 1, 204 P.2d 296; Griffin v. State, 90 Okl.Cr. 90, 210 P.2d 671.

Not only do we find competent evidence reasonably tending to support the finding of the trial court, but the evidence overwhelmingly supports him. The defendant was drunk in the presence of the officers. They had observed him a few minutes before and knew he was intoxicated but did not arrest him at that time. At the time of his arrest he was intoxicated. Not only that, but immediately preceding his arrest, he had struck a waitress over the head with a beer bottle which broke the bottle, and he then cut her with the broken bottle. According to the evidence, this cut was at least a month in healing, so under a reasonable view of the evidence, the defendant was guilty of the felony of assault with a sharp or dangerous weapon. 21 O.S.1951 § 645.

Under either of these conditions, the officers were justified in arresting the accused without a warrant. The arrest being legal, the subsequent seizure of the intoxicating liquor exposed to view on the floor of the automobile was legal.

The second assignment of error cannot be sustained by the record. It may have been that the county attorney exceeded the bounds of propriety when he made the statement: "How is he making a living? Well, here is the key to the situation. He is in the bootleg business. He is in the whiskey business." However, under the evidence, this might not have been an unreasonable deduction. Irrespective of that, however, it is apparent that the jury was not prejudiced by reason of the making of this argument, for they only fixed the punishment at the minimum provided by law. The guilt of the accused was unquestioned. In fact, there was no defense as to the ownership and possession of the whiskey. Under such circumstances, even if the argument should be held improper, it could not be considered as constituting reversible error.

The judgment and sentence of the County Court of Custer County is affirmed.

POWELL, P. J., and BRETT, J., concur.