DARKS v. STATE.

No. A–11980.

Criminal Court of Appeals of Oklahoma.

June 2, 1954.

On Rehearing Sept. 8, 1954.

McNeill & McNeill, Spillers & Spillers, Tulsa, for plaintiffs in error.

Richardson, Cochran, Dudley, Fowler & Rucks, R. D. Hudson, Tulsa, and Wayne W. Bayless, Oklahoma City, for defendants in error.

H. B. Parris, Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, Charles D. Darks, was charged by information filed in the district court of McIntosh County with the crime of illegal possession of narcotic drugs, was tried before a jury, convicted; and his punishment fixed at a fine of $350 and two years in the State Penitentiary.

For reversal two propositions are urged:

(1) "All of the evidence with reference to the finding of narcotics was obtained by reason of an unlawful search and therefore in violation of the constitutional rights of the defendant."

(2) "Misconduct on the part of the county attorney by commenting on, or calling attention to, the fact that defendant did not testify in his own behalf."

George Waters, testifying for the State, said that he was in charge of a slaughter-pen located north of Checotah, and that on June 3, 1951 accompanied by his nephew, Horace Wallace, he went down to the pens to put some hogs in the slaughterhouse, and while on the property he observed a car parked between the slaughterhouse and the barn on the premises. That he was charged with looking after the premises, and he and his nephew saw a man in the parked car who appeared to be either drunk or asleep. They decided to telephone Fred Bass, a deputy sheriff of McIntosh County, to come out and investigate the matter. The officer soon arrived.

Deputy Bass testified that he looked in the car and observed the defendant; that de-

fendant had blood on one arm and he saw a hypodermic needle on the car seat along with morphine and demerol tablets. Said he: "When I walked up to the car I could see this all lying in the seat." He further testified: "Q. After you noticed that, what did you do then? A. I opened the car door and tried to get him out and he put up a fight, just threw a wall-eyed fit, and Mr. Wallace helped me get the handcuffs on him."

The evidence disclosed that after the arrest was made deputy Bass searched the car and took in possession the hypodermic needle, the narcotics and also a piece of kleenex tissue found in the car along with the other items named.

William H. Schaller, a United States chemist from Kansas City, Missouri, testified that the drugs found in the car were narcotics and a derivative of opium and morphine. He identified State's exhibit A as demerol, a narcotic, a derivative of opium; and State's exhibit B to be seven one-quarter grains of morphine-sulphate, also a derivative of opium.

H. B. Westover, Federal Narcotic Agent, testified to obtaining State's exhibits A and B and sending them by registered mail to Mr. Schaller at Kansas City for analysis. He also talked with the defendant on June 5, 1951 at the jail in Eufaula, and testified that defendant admitted ownership of the drugs, stating that he had stolen some narcotics previous to this in Eufaula from a doctor's bag, and that the demerol came from a doctor in Tulsa.

The defendant did not testify and offered no evidence.

The contention that the search was illegal cannot be sustained. The officer came on the slaughterhouse property at the urgent request of Mr. Waters, the person in charge, to investigate a trespassing car with a visible occupant who appeared to be either drunk or asleep. He could have been dead. The officer observed blood on one of the occupant's arms, saw a hypodermic needle and what appeared to be, and was proven to be, narcotics all in plain view. Defendant's arrest followed and then the car was searched.

Section 196 of Title 22 O.S.1951 provides:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

This statute has been construed by this court in innumerable cases. In the recent case of Armstrong v. State, Okl.Cr., 266 P. 2d 488, 489, we said:

"An offense is committed or attempted in the 'presence of an officer' where officer is apprised by any of his senses prior to the arrest that an offense is being committed by the person arrested."

Other cases illustrating the principle are: Golden v. State, 75 Okl.Cr. 121, 129 P.2d 202; Newton v. State, 61 Okl.Cr. 237, 71 P. 2d 122; Vincent v. State, 75 Okl.Cr. 128, 129 P.2d 214; Goodwin v. State, 68 Okl.Cr. 381, 99 P.2d 181; Tacker v. State, 72 Okl. Cr. 72, 113 P.2d 394.

It is next contended that the case should be reversed on account of the misconduct of the county attorney. It is said that he commented on the fact that the defendant did not testify.

We have searched the record carefully, but do not find that either the argument of counsel for the State or for the defendant was transcribed by the reporter. The only thing in the record bearing on the issue raised seems to have arisen as an afterthought. That is, after both the State and the defendant had rested, the defendant interposed a demurrer, which was argued out of the presence of the jury. The court then permitted the case to be reopened to allow the State to formally introduce in evidence its Exhibits A, B, C, and E. The defendant then renewed all motions and de-

murrers theretofore made. The following then took place:

"Court: Very well. Same ruling, same exceptions. Is that sufficient, gentlemen?

"Mr. Parris: I think so.

'Mr. White: Except the remark the county attorney made to the jury in his argument when he said that the defendant made no defense.

"Court: All right, the objection is overruled.

"Mr. White: Except.

"Mr. Lackey: Your Honor, I insist that the defendant brings no defense.

"Court: Well, whatever the record shows, the jury will remember. Whereupon the court instructs the jury * * *."

From the state of the record, it is not clear when the alleged remarks were made, but the county attorney did say to the court out of the presence of the jury, according to the record: "Your Honor, I insist that the defendant brings no defense." So that at all events this would indicate that such a remark was made in the presence of the jury. Was such remark sufficient to cause a reversal of the case? Section 701, Title 22 O.S.1951, provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

■ This court has reversed many cases where the prosecuting attorney commented on the fact that the defendant did not testify, but we have uniformly held that the statute forbidding comment on failure of accused to testify in his own behalf must not be construed to prevent fair argument of testimony. Riley v. State, 57 Okl.Cr. 313, 49 P.2d 813. And we have said that alleged improper argument of the prosecution will be considered in connection with the entire record and unless this court can find that such argument was prejudicial to the accused, the same will not be considered as reversible error. Armstrong v. State, supra.

In the case of Killough v. State, 59 Okl. Cr. 429, 60 P.2d 808, in construing the above statute, we held that the statement by the county attorney that no witness had taken the stand to deny the State's evidence was not a comment on the failure of the defendant to testify which would require reversal of conviction.

■ The comment, in the within case, attributed to the county attorney that the "defendant brings no defense" is synonymous with the statement "that no witness had taken the stand to deny the State's evidence." The prohibition is that the defendant must not be mentioned as not testifying.

In Chesser v. State, 63 Okl.Cr. 84, 73 P.2d 191, 192, paragraph 6 of the syllabus, we said:

"Statements of the prosecuting attorney, in argument to the jury, 'Why couldn't they contradict the state's testimony, but not one place do they do that,' and 'I say again there is no evidence offered to contradict the state's evidence in this case,' held, not a comment upon the failure of the defendant to testify as a witness in his own behalf, within the meaning of section 3068, St.1931 (22 Okl.St.Ann. § 701)."

See as illustrative of the principle: McDonald v. State, 59 Okl.Cr. 318, 58 P.2d 345; Presnell v. State, 71 Okl.Cr. 162, 109 P.2d 834; Pierce v. State, Okl.Cr., 253 P. 2d 194; Bush v. State, 91 Okl.Cr. 30, 215 P.2d 577; Passmore v. State, 87 Okl.Cr. 391, 198 P.2d 439; Yeargain v. State, 76 Okl.Cr. 50, 134 P.2d 142; Herren v. State, 74 Okl.Cr. 424, 127 P.2d 215; Taylor v. State, Okl.Cr., 251 P.2d 523; Clark v. State, 91 Okl.Cr. 210, 218 P.2d 410; Sellers v. State, 88 Okl.Cr. 114, 200 P.2d 443; Lakes v. State, 61 Okl.Cr. 252, 67 P.2d 457.

The verdict and judgment appealed from is affirmed.

JONES and BRETT, JJ., concur.

### On Rehearing.

BRETT, Judge.

The petition for rehearing herein concedes the opinion rendered makes a correct statement of the law but asserts that the "officer making the arrest did not know for a fact the act constituting the offense" that where the "officer does not know of the act constituting the offense it is not committed in his presence." "The officer could not know when he looked into the car that the thing that he saw was narcotic drugs". "In fact that was never established until a U. S. chemist * * * determined it to be morphine sulphate". Cited in support of the foregoing contention are misdemeanor cases, wherein the law requires that for an arrest without a warrant for committing a misdemeanor the act must have been committed in the officer's presence. The fallacy of this argument is because not only peace officers but lawyers sometimes "lose sight of the distinction between the right to make arrests without a warrant in a felony and in misdemeanor cases." Gaines v. State, 28 Okl.Cr. 353, 230 P. 946. Apparently it has been inadvertently overlooked that this is not a misdemeanor but a felony case. Title 63, § 420, O.S.1951. The rule so aptly stated in Welch v. State, 30 Okl.Cr. 330, 236 P. 68, 70, 72, as follows, applies herein:

> "If a * * * peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful, but if he suspects one on his own knowledge of facts; or upon facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful. * * *

> "If the facts are such that a reasonably prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant, although subsequent events prove that no offense had been committed".

This rule was lifted almost verbatim from the decision of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. Herein the officer making the arrest had ample facts upon which to suspect a felony had been committed. The best proof of which may be found in the subsequent analysis of the chemist.

The other point relied on by the defendant herein that the comment by the county attorney that "the defendant made no defense" has in effect been held not to constitute a comment on the fact the defendant did not testify in his own behalf. Many opinions reaching back a long time before the present membership of this court, hold that statements to the jury of similar import to that herein involved did not constitute a breach of Title 22, § 701, O.S.1951; Chesser v. State, 63 Okl.Cr. 84, 73 P.2d 191. Nevertheless we have said:

> "Frankly we do not approve of counsel for the state trying to see how close they can come to commenting upon the failure of the defendant to testify without violating the statute, but this court seems to be committed to the rule that the prosecution might say in the argument that the evidence of the state has not been denied or contradicted. Presnell v. State, 71 Okl.Cr. 162, 109 P.2d 834; Sellers v. State, 88 Okl.Cr. 114, 200 P.2d 443, 444." Taylor v. State, Okl.Cr., 251 P.2d 523, 526.

POWELL, P. J., and JONES, J., concur.