Richard Lee WHITE, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A—12939.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1961.

Rehearing Denied March 1, 1961.

Chamberlin & McBee, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Richard Lee White, defendant below and appellant herein. The defendant was charged by information in the district court of Tillman County, Oklahoma, with the crime of operating a motor vehicle while under the influence of intoxicating liquor, subsequent offense, allegedly committed on November 15, 1959 in said county and state in violation of 47 O.S. 1951 § 93. He was tried to a jury, convicted, his punishment fixed at one year in the state penitentiary and a fine of $1.00.

Judgment and sentence was entered accordingly, from which this appeal was perfected.

The defendant filed his motion to suppress the evidence, which was overruled by the trial court, and said action is asserted herein as error, as forming the basis for the admission of evidence obtained as a result of an unlawful arrest. The facts upon which this alleged error is predicated are, briefly, as follows:

Ted Dooley, City Marshal of Frederick, Oklahoma, and Allen Carter, city policeman, shortly before dark on November 15, 1959 received information from the defendant's mother-in-law, conveyed to her by her grandsons seven and nine years of age, that defendant was driving his automobile while in a drunken condition. The officers were aware of the fact that defendant had a prior conviction for drunken driving, and that his license had been revoked and he had no driver's license. On this information the marshal and patrolman, acting on reasonable cause to believe a felony was being committed by the defendant under 47 O.S. 1951 § 93 went out to find him. The defendant was located about a block and a half from his home, as he approached the same. The officers were headed in the opposite direction, but they recognized the defendant. He was driving the car at a reasonable speed, though officer Dooley testified he was swerving the car some. They tried to flag him down, but he refused to stop and increased his speed. The officers turned around and gave pursuit. The car was in sight all the time and the defendant was watching the officers, oblivious to a yield-the-right-of-way sign as he crossed the highway. All of which facts further enhanced the reasonableness of their belief. Defendant turned in at his driveway about fifty yards ahead of the officers, and went into the house. They got out and knocked on the door, and Mrs. White invited them in. When the officers were invited into his home they saw the defendant "was staggering, unbalanced on his feet, and couldn't

talk plain, you could smell it on his breath". The record shows he did not ordinarily talk "thick tongued". When he tried to go up the stairs (at the jail) "he liked not to have made it, he had to hold to the rail" to do so, officer Carter related in the evidence in chief.

The controlling statute herein involved is found in 22 O.S.1951 § 196, and provides:

"A peace officer may, without a warrant, arrest a person:

"*  *  *  *  *  *

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

This section is particularly applicable to the facts here involved. The officers received information from a reliable source that the defendant was driving his automobile while in a drunken condition. We know of no more reliable source concerning a man's drunkenness than his own family and relatives. This fact, combined with the officers' personal knowledge of his prior convictions and loss of his driver's license, formed firm basis for reasonable belief the defendant was committing a felony in violation of the law. The reasonableness of this belief was confirmed by his actual condition when he was observed in his home. The facts and circumstances hereinbefore related were " 'such as to warrant a man of prudence and caution in believing that the offense has been committed.' " State v. Lumley, 83 Okl.Cr. 430, 178 P.2d 629, 635, quoting from United States Supreme Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.

In the Lumley case we said:

"Where the facts and circumstances within the knowledge of the arresting officer and communicated to him by others are such that thereon he has reasonable ground to believe that a felony has been committed, an arrest based upon such belief without a warrant is not unlawful."

The defendant cites Darks v. State, Okl. Cr., 273 P.2d 880, involving an attack upon the arrest and the evidence obtained under circumstances involving the principle here under consideration. Therein information was obtained from a reliable source indicating that a felony had been committed. Acting on this information, as in the case at bar, the officers went to the scene and the information received was confirmed. So, herein the officers acting upon the reasonable information conveyed to them and information in their possession, found the suspect, who they had immediately before seen driving the automobile, in a drunken condition. Under these conditions, we are of the opinion that the officers were acting within the foregoing statute in making the arrest, and that the trial court did not abuse its discretion in overruling the defendant's motion to suppress.

The judgment and sentence is, therefore, affirmed.

NIX, P. J., and BUSSEY, J., concur.