Larry Joyce MONROE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14317.

Court of Criminal Appeals of Oklahoma.

March 13, 1968.

Delmer L. Stagner, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Justice.

Larry Joyce Monroe, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County, Oklahoma, with the crime of Grand Larceny; he was tried by a jury who found him guilty and assessed his punishment at three years imprisonment in the State Penitentiary and recommended that the same be suspended. The trial court refused to suspend said sentence and a timely appeal has been perfected to this Court.

On appeal, the defendant seeks a modification of the judgment and sentence imposed on the grounds that the same, in the light of all the facts and attendant circumstances, is excessive. In this connection we observe that the evidence amply supports the verdict of the jury and that the punishment imposed is well within the range provided by law; that there is nothing in the record before us to indicate that the sentence was imposed as a result of passion or prejudice. Under these circumstances this Court will not interfere with the verdict of the jury.

In the alternative, the defendant urges that the trial court abused its discretion in refusing to grant a suspended sentence. In the light of all the facts and circumstances of the instant case, defendant requests that this Court enter an order vacating the order denying the suspended sentence and directing that a hearing be conducted on the defendant's application for suspended sentence to be conducted in accordance with the rule enunciated in Presnell v. State, 71 Okl.Cr. 162, 109 P.2d 834, wherein this Court stated:

"The trial court in passing sentence, of course, has a right to inquire into the past reputation and conduct of the defendant, which might possibly bring forth matters which would prevent the defendant from receiving a suspended sentence. Unless such investigation shows conduct on the part of the defendant, which indicates that he is not eligible under the state to receive a suspended sentence for this crime by him committed, this court is of the opinion that great weight should be attached to the recommendation of the jury."

We are of the opinion that the defendant's request that the trial court's order denying the defendant's application for suspended sentence be vacated, and that a hearing be held in accordance with Presnell v. State, supra, should not be granted. If the defendant wishes a further hearing on his application for a suspended sentence, he may receive the same by filing an application for a suspended sentence in the trial court within ten (10) days after the rendition of this opinion. Title 22 O.S.Supp. § 994, provides:

"After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order."

The trial court is instructed that if an application for a suspended sentence be filed by the defendant in accordance with 22 O.S.Supp. § 994, supra, he should conduct a hearing in accordance with the rule enunciated in Presnell v. State, supra, taking into consideration not only the con-

duct of the defendant prior to trial, but his conduct during the pendency of this appeal.

For all of the reasons above set forth the judgment and sentence appealed from is affirmed.

BRETT, J., concurs.