Burns TRUSTY, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13387.

Court of Criminal Appeals of Oklahoma.

July 29, 1964.

Rehearing Denied Sept. 23, 1964.

Robert G. Brown, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Burns Trusty, Jr., hereafter referred to as defendant, was charged by information in the District Court of Tulsa, County Oklahoma, with Burglary Second Degree After Former Conviction of a Felony. He was tried by a jury who found him guilty, and thereafter, the Court fixed his punishment at Ten (10) Years in the State Penitentiary at McAlester, Oklahoma; from which Judgment and Sentence a timely appeal has been perfected to this Court.

On the trial, in support of the Defendant's Motion to Suppress certain evidence, the following testimony was offered:

As a result of numerous burglaries in the area of the 4400 block of East 38th Place of Tulsa, Officer Charles Burris was assigned to patrol said area. Burris testified that at approximately 7:00 o'clock on the evening of January 24, 1963, in pursuance of his orders, he was patroling the 4400 block of East 38th Place, when he observed the defendant walking East down the street and carrying an object which resembled a crowbar. Walking in the same direction and across the street from the defendant and Officer Burris, were George Ray Kirk, and Sequichie. Burris testified that by reason of his knowledge that the defendant was an ex-convict and his associates were police characters, none of whom resided in the area, he formed his intention, at that time, to stop and question them. Defendant and his two companions returned to their automobile approximately one-half block away, and then proceeded to drive in the direction where Officer Burris had parked his automobile. As they approached Burris's automobile they were driving in the wrong lane of traffic. Burris stopped the vehicle and directed the occupants to get out; the defendant, Burns Trusty, Jr., the driver of the vehicle, got out of the car

with his hands up, but his companions were reluctant to get out and again the officer directed them to get out of the vehicle. Burris testified that when George Ray Kirk got out of the automobile, he bent over as if placing something on the ground. The records is silent as to whether any conversation transpired between officer Burris and the defendant and his two companions, until the arrival of another police unit, at which time the defendant and his two companions were searched for weapons, and Officer Burris proceeded around the car and looked beneath the automobile and found a credit card made out to Mr. Frank Newell, Bank identification papers made out to Mr. and Mrs. Newell, 3504 South Toledo Place and a gold pocket watch. Officer Burris radioed the dispatcher this information and a patrol car was dispatched to the Newall's residence which had been burglarized. Upon receiving this information, Officer Burris placed the defendants under arrest and proceeded to search the vehicle where he found a crowbar, two pairs of gloves in the back seat; a flashlight and a ring of keys in the front seat of the car. Upon discovering this, Officer Burris called for a wrecker to tow the car in and the defendant and his two companions were taken to the Police Station.

The testimony of Officer Burris, as set forth above, was the only evidence offered in support of defendant's Motion to Suppress, and the Court's ruling forms the basis of the defendant's first assignment of error, to-wit: That the Court erred in overruling defendant's Motion to Suppress the evidence obtained herein for the reason said evidence was obtained illegally; without a warrant; without authority and in violation of this defendant's Constitutional rights and not incidental to a legal arrest.

The trial court relied on Chronister v. State, Okl.Cr., 353 P.2d 493, and in so far as the credit card; the bank deposit slips and the gold watch belonging to Mr. and Mrs. Newell, the trial court correctly ruled that this evidence was properly admissible. It clearly appearing that the evidence was

obtained by a search of a public thoroughfare, and not as a result of a search of the defendant or his vehicle. The ruling, with reference to admissibility of the evidence obtained as a result of the search of the vehicle, to-wit: The crow bar, gloves, etc., can be sustained only if Officer Burris' arrest of the defendant and his companions was a lawful one.

■ Title 22 O.S. § 198: Nighttime, arrest of suspected felon; provides:

"He may also at night, without a warrant, arrest any person whom he has reasonable cause for believing to have committed a felony, and is justified in making the arrest though it afterward appear that the felony had not been committed." (R.L.1910 § 5656)

■ From the facts as above set forth, Officer Burris knew:

(1) That several burglaries had been committed in the area where he observed the defendant and his companions on the evening of January 24, 1963.

(2) Neither the defendant nor his companions resided in the area.

(3) The Officer knew that the defendant was an ex-convict and recognized his companions as police characters.

(4) The defendant was carrying an object that resembled a crowbar (an instrument frequently used by burglars to gain entry to dwellings).

(5) The defendant was walking on one side of the street his two companions on the other, although only one-half block from their car.

(6) The reluctance of defendant's companions to get out of the automobile.

(7) The conduct of the defendant's companion Kirk, in bending over as if to place something on the pavement.

(8) The discovery of the credit card; bank deposit slips and watch belonging to Mr. Newell, on the pavement near the vehicle in which the defendant had been traveling.

(9) Information communicated to Officer Burris that the Newell home had been burglarized. It was at this point that Officer Burris placed defendant under arrest and searched the vehicle.

We are of the opinion, and hold that under the circumstances here presented that at the time officer Burris placed defendant and his companions under arrest he had reasonable cause to believe that a felony had been committed; this being true, we are also of the opinion that the evidence obtained as a result of the search of the vehicle in question was properly admitted into evidence, since the same was obtained as a result of a search incidental to a lawful arrest.

■ It is next contended that the trial court erred in refusing to declare a mistrial on Motion of Defendant due to prejudicial remarks and argument of the County Attorney.

We have consistently held that:

"A conviction will not be reversed because of the argument of the county attorney to the jury unless such argument, in view of the entire record, affected defendant's substantial rights, or caused bias or prejudice against him in the minds of the jurors." Henderson v. State, Okl.Cr., 385 P.2d 930; Kennamer v. State, 59 Okl.Cr. 146, 57 P.2d 646.

We have carefully examined the remarks of the county Attorney and in the light of the entire record are of the opinion that the defendant was not prejudiced in his substantial rights. Since the uncontroverted evidence, although circumstantial, conclusively establishes the guilt of the defendant and the punishment fixed by the court was the minimum punishment that could be imposed; we are therefore, of the opinion that this assignment of error is without merit and the Judgment and Sentence appealed from is hereby affirmed.

Affirmed.

JOHNSON, P. J., and NIX, J., concur.