**Emma RUSSELL, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14178.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1967.

Rehearing Denied Nov. 21, 1967.

Jo-Ann Fisher, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Plaintiff in Error, Emma Russell, was charged in the District Court of Custer County with the crime of Burglary Second Degree. She was tried by a jury, found guilty, and the punishment left up to the court; who subsequently sentenced her to Five Years in the penitentiary. From that judgment and sentence she has perfected her appeal to this Court.

Only one assignment of error is argued in defendant's brief—that the arrest and search was illegal, thereby the medallion found on defendant should not have been introduced into evidence. Defendant cites twenty cases in support of her theory of illegal arrest, and search and seizure.

However, in the majority of these cases, they were concerned with arrests for *misdemeanors* only.

In the instant case, the record reveals that Officer O. C. Peek of the Weatherford Police Department testified that he first discovered the door open to a clothing store owned by Steele Hutto; that there was also a big light on; and a lot of clothing piled on the floor, right by the door. He testified he drove on past the door, and that there was a white Thunderbird heading up south by the side of the building. That there were two colored women and two colored men standing by the car. They stated they were having car trouble, however, the police officer noted that the trunk of the car was up and there were a lot of clothes piled in the back of the trunk; and a lot of clothes in the back seat of the car. That the two colored men approached him —one on each side—and he became apprehensive; and returned to his car to radio for another car. The subjects all got in the car, and started away. Officer Peek shouted at them to stop, and fired six rounds in the air; but the car sped away with the trunk lid flopping up and down. That when the other car arrived, they put the information on the air; and then picked up a dress that had fallen out of the car and into the street. This dress was later identified as coming from the store. Of-

ficer House of the El Reno Police Department testified that he received a report at 1:33 A.M. that a burglary had occurred in Weatherford, and a vehicle of the description stated was given out, and a description of the occupants. He stated that when he arrested the subjects for suspicion of burglary, he took them into the police station and there searched the defendant's purse for a weapon. That when he emptied her purse, he found a gold medallion engraved with the letters "T. P. A." and with the serial number of an insurance policy issued to the store owner, Mr. Hutto, by the Travelers Protective Agency. That the medallion had been in his cash register prior to the date of the burglary. This, briefly, constitutes the facts of the case.

■ This Court has stated repeatedly that:

"An officer may at night, without a warrant, arrest any person whom he has ·reasonable cause for believing to have *committed a felony*, and is justified in making the arrest though it afterward appear that the felony had not been committed." (emphasis ours) Trusty v. State, Okl.Cr.App., 395 P.2d 350.

■ We would like to commend the Attorney General for the excellent brief filed in this cause, and herein quote a portion of said brief at pages 4 and 5; wherein the state quotes a case, Darks v. State, Okl.Cr. App., 273 P.2d 880, wherein this Court commented on the confusion and citation of authorities concerning· misdemeanor arrests, as if they were applicable to felony arrests, as follows:

"* * * Cited in support of the foregoing contention are misdemeanor cases, wherein the law requires that for an arrest without a warrant for committing a misdemeanor the act must have been committed in the officer's presence. *The fallacy of this argument is because not only peace officers but lawyers sometimes 'lose sight of the distinction between the right to make arrests without a warrant in a felony and in misdemeanor cases.'* Gaines v. State, 28 Okl.Cr. 353,

230 P. 946. *Apparently it has been inadvertently overlooked that this is not a misdemeanor but a felony case. Title 63, § 420, O.S. 1951.* The rule so aptly stated in Welch v. State, 30 Okl.Cr. 330, 236 P. 68, 70, 72, as follows, applies herein:

'If a * * * peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful, but if he suspects one on his own knowledge of facts; or upon facts communicated to him by .others, and thereupon he has reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful. * * *

'If the facts are such that a reasonably prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant, although subsequent events prove that no offense had been committed.'." (Emphasis ours)

See, also, Booze v. State, Okl.Cr.App., 390 P.2d 261, 262, wherein this Court stated:

"If a peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed to render the arrest lawful, but if he suspects one on his own knowledge of facts, or upon facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of a felony, the arrest is not unlawful."

■ In the instant case, it is apparent that Officer House was acting reasonably when he stopped the car and placed the defendant and her companions under arrest for investigation of burglary, and that the search of her purse for a weapon was certainly not unreasonable, nor illegal. We are, therefore, of the opinion that the trial court did not err in overruling the motion to suppress,. and admitting the medallion into evidence. There was an abundance of evidence presented to substantiate the ver-

dict of the jury, and this Court finds no reversible error, and orders that the judgment and sentence appealed from, be affirmed.

BUSSEY and BRETT, JJ., concur.