**Bill R. BRYANT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–459.**

Court of Criminal Appeals of Oklahoma.
April 5, 1974.

Jim McClendon, Broken Bow, Thomas D. Frasier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Linda E. Childers, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Bill R. Bryant, hereinafter referred to as defendant, was charged in the District Court, McCurtain County, Case No. CRF–73–9, with the offense of Shooting with Intent to Kill. He was tried and convicted for the offense of Assault with a Dangerous Weapon and his punishment was fixed at five (5) years imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the facts reveal that on the night of January 18, 1973, Doyle Williston (the complaining witness), his brother Rufus Williston, L. J. Fisher, and another person were on a graveled country road attempting to pull the Williston pickup truck out of a ditch. The defendant, ac-

companied by two females, approached this group in his vehicle and stopped. The defendant and L. J. Fisher had a fight over a rifle which the defendant had lost. The defendant struck Fisher and pulled out a pistol. The complaining witness moved to his truck and removed his rifle. As he was heading back toward the defendant with the rifle, his brother Rufus grabbed the rifle. At that moment, Doyle Williston was struck with a bullet in his left side. Doyle fell, and testified that he could remember nothing else until he arose. He then chased the defendant back to his car. Doyle then saw his brother Rufus who had also been shot, lying in front of Bryant's car. The defendant drove away, and Doyle and L. J. Fisher took Rufus to the hospital.

Defendant's first assignment of error complains that the court permitted the jury to recess without any admonitions. Under Oklahoma law, 22 O.S. § 854 (1971), the trial judge must admonish the jury as to its conduct. The pertinent part of 22 O.S. § 854 reads as follows:

"The jury must also, at each adjournment of the court, whether permitted to separate or kept in charge of officers, be admonished by the court that it is their duty not to converse among themselves or with any one else. . . ."

This trial was completed in a single day with two recesses—one for lunch and another 20 minute break. The record of the trial reveals no such admonition was given to the jury at any time during the trial. The defendant made no objection to the failure to admonish, but did bring it up in the Motion for New Trial.

In Rutherford v. State, Okl.Cr., 95 Okl. Cr. 311, 245 P.2d 96 (1952), this Court recognized a distinction between adjournment as mentioned in the statute and a temporary recess where the recess is brief; however, the Court in *Rutherford,* supra, further concluded that "a court, at every separation of the jury and at each adjournment in a criminal trial should give the statutory admonition and at least an ab-

breviated admonition referring to the previous full admonition at each temporary cessation . . . ."

It is presumed that the court officers perform their duties. Galbert v. State, Okl.Cr., 278 P.2d 245 (1954); Lime v. State, Okl.Cr., 508 P.2d 710 (1973). Where it is contended that there is noncompliance with certain statutory provisions, it is incumbent upon the one making such assertion to introduce evidence to support his contention. In Crabtree v. State, Okl.Cr., 339 P.2d 1066 (1958), this Court quoted the above language from *Galbert,* supra, and then said (citing 22 C.J.S. Criminal Law § 589) "the mere failure of their record to show this does not overcome the presumption."

The only evidence defendant offers to support this claim is that the record reveals no admonitions. Neither the defendant nor the record show that the jury acted improperly at any time, or that the lack of admonition resulted in any prejudicial injury. Therefore, we do not find that the defendant was denied a fair and impartial trial.

In his second assignment of error, defendant claims the trial court erred in allowing evidence of other offenses to be presented before the jury. Beyond questioning witnesses as to the shooting of Doyle Williston, the complaining witness, the State, also asked questions and received testimony that pertained to the shooting of Rufus Williston that night. Defendant cites the general rule as set forth in Nemecek v. State, 72 Okl.Cr. 195, 114 P.2d 492 (1941) that evidence which tends to show the defendant has committed another crime, wholly independent, is irrelevant and inadmissible. In Kupiec v. State, Okl.Cr., 493 P.2d 444 (1972), evidence of another crime was properly admitted as part of the res gestae. This decision was consistent with similar decisions made in Walters v. State, Okl.Cr., 455 P.2d 702 (1969), and in Swarb v. State, Okl.Cr., 358 P.2d 850 (1961), where this Court ruled that where shootings, other than the

one for which defendant is on trial, occur at the same time and place, without definite interruption, and are a continuous transaction, such shootings are part of the res gestae and are admissible in evidence. Thus, the evidence as to the shooting of Rufus was properly admitted as part of the res gestae.

■ The defendant also contends that the verdict is contrary to the law and evidence, and in disregard of the court's instructions in that he was acting in self defense. The court did properly instruct the jury as to the right of self defense, as well as to the elements required in finding defendant guilty of the charge. A similar issue was dealt with in Hill v. State, Okl.Cr., 502 P.2d 1280 (1972), and this Court ruled that the jury was to judge the testimony of all the witnesses and where there is competent evidence in the record from which the jury could reasonably conclude that the defendant is guilty, this Court will not interfere with the verdict. We find from the record that there was sufficient evidence from which the jury could reasonably conclude that defendant did not act in self defense.

■ In his fourth assignment of error, defendant objects that the instruction given on Assault with a Deadly Weapon does not accurately state the law applicable to the case. The trial judge instructed the jury that "every person who . . . shoots or attempts to shoot at another, with any kind of firearm . . . is guilty of a crime known as assault with a dangerous weapon. The wording of the applicable statute, 21 O.S. § 645 (1971): "Every person . . . who shoots at another, with any kind of firearm . . . " is clear and unambiguous. Crabtree v. State, Okl.Cr., 339 P.2d 1066 (1958) states the well established rule in Oklahoma that if the defendant is not satisfied with the instructions given by the court, and desires additional or other instructions, it is his duty to prepare the desired instructions in writing and submit them to the court. If he fails to do so, a conviction will not be reversed unless the Court is of the opinion, in light of the entire record and instructions of the court, that there was a failure to instruct upon some material question of law, and that defendant has been deprived of a substantial right. The instruction, as given, is not misleading in view of the evidence presented by the record, and we cannot find any error prejudicial to defendant.

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.