Jerry Austin ESTEP, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–666.

Court of Criminal Appeals of Oklahoma.

April 5, 1977.

Rehearing Denied April 22, 1977.

Thomas G. Hanlon, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Douglas L. Combs, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Jerry Austin Estep, hereinafter referred to as defendant, was charged, tried and convicted in District Court, Tulsa County, Oklahoma, for Knowingly Concealing Embezzled Property, under 21 O.S.1971, § 1713. After a trial by jury the defendant was sentenced to a term of two (2) years' imprisonment. He appeals.

Ferrell Kirtley, a salesman at Sears and Roebuck in Tulsa, testified he was charged with embezzlement along with Wayne Padgett and Pete Nicklau. He further testified that in November, 1974, he had entered into a scheme with Padgett and Nicklau to steal merchandise—large appliances, such as televisions, refrigerators, washers, dryers, and dishwashers—from Sears. On certain Wednesdays he, along with Padgett and Nicklau, would remove merchandise from the Sears' warehouse and load them on Padgett's truck. He would then go to a restaurant in Tulsa and receive payment for the articles, and while at the restaurant he was introduced to the defendant by Padgett and Nicklau. On November 20, 1974, he loaded a washer and dryer onto a blue pickup truck owned by Padgett. He stated that the washer and dryer had not been

lawfully sold. Later that afternoon he said Padgett returned to Sears to take a color television and refrigerator.

Ronald Marsh, security manager for Sears, said on November 19, 1974, he had made an inventory of the articles under the control of Kirtley by recording the model number and serial number of the major appliances in the store at that time. He said he later observed Kirtley and Nicklau load a clothes dryer and washer onto a pickup. This process was repeated a second time that day, and again a third time about two hours later when he saw Padgett come out of the store with a portable color television set. Marsh said he then went to the showroom floor and checked the items against his original inventory and was unable to find any sales transactions concerning the missing items.

Caroll Gatlin, working at Sears as an off-duty police officer, stated he assisted Marsh in making the inventory described above, and while Marsh was engaged in the surveillance mentioned above, he went to the Sundowner Apartment complex in Tulsa with Officer Jim Aud and there arrested Padgett for the offense of possession of stolen property.

Officer David Harrison said he and other officers were assigned to go to Padgett's residence in Tulsa, during the evening of November 20, 1974. At the time of his arrival there was a red pickup parked in the drive way. He said about 9:00 p. m. he observed two females in the garage attempting to load a large, light colored metallic sounding object onto the pickup. A few moments later he said he saw a car pull up to the residence at which time two males emerged and loaded another large, light colored metallic sounding object onto the pickup. The two males then started to drive the pickup away at which time the officers blocked the driveway and arrested the occupants of the pickup. Harrison then identified the defendant, Estep, and co-defendant Goodson as the two individuals arrested that night.

Officer Jim Aud stated the defendant told him "that stuff had to be taken out of there" because Wayne Padgett had been arrested.

The first witness called on behalf of the defense was Louise Padgett. She testified that she was the wife of Wayne Padgett and related that on November 20, 1974, she observed Pete Nicklau unloading a washing machine, dryer and television set in her garage. She said she and her sister loaded one of the appliances onto the pickup and then asked the defendant and Goodson to come to the garage where the defendant helped load the washer into the pickup. She testified she told the two defendants that her husband and Nicklau had been arrested, and that Pete had brought the appliances to her garage and because she did not want them there, she was going to take them back to him. She then stated she asked Goodson to move the pickup forward so she could close the door and while he was doing that, he and the defendant were arrested.

Co-defendant Goodson corroborated the testimony of Mrs. Padgett. He also denied any knowledge that the goods were stolen.

For his first assignment of error the defendant contends the first paragraph of 21 O.S.1971, § 1713 is unconstitutional in that it is vague and uncertain as it applies to those who conceal stolen property as opposed to those who receive it. He contends one might read the statute as not requiring knowledge that the property is stolen by one who conceals such property while requiring such knowledge by one who buys or receives it.

▮▮▮ With this contention we cannot agree. 21 O.S.1971, § 1713(1) reads as follows:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever that has been stolen, embezzled, obtained by false pretense, or robbery, knowing or having reasonable cause to believe the same to have been stolen, embezzled, obtained by false pretense, or robbery or who conceals, withholds, or aids in concealing or withholding such

property from the owner, is punishable by imprisonment in the penitentiary not to exceed five (5) years, or in the county jail not to exceed one (1) year, or by a fine not to exceed Five Hundred Dollars ($500.00) or by both such fine and imprisonment."

When viewed in its entirety the statute is not vague. Obviously, in viewing the statute we should inquire into the legislative intent. *Ex Parte Higgs*, 97 Okl.Cr. 338, 263 P.2d 752 (1954). When read as a whole the elements of knowing or having a reasonable cause to believe the property is stolen must also apply to one who conceals or aids in concealing the property from the owner. We also find that the constitutional requirement of definiteness is not violated by this statute in that it does give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by law. *Turner v. State*, Okl.Cr., 549 P.2d 1346 (1976). We also note that in its Instruction No. 4 the trial court instructed the jury on the statute, and in Instruction No. 7 on "knowingly":

"*An act is done 'knowingly' if done voluntarily and intentionally*, and not because of mistake or accident or other innocent reason. *Intent* to withhold or conceal must be proved beyond a reasonable doubt." (Emphasis added).

and while these instructions are not a model to be followed in the future they sufficiently apprise the jury that the defendant must knowingly and intentionally conceal the embezzled property.

For his next assignment of error the defendant asserts that the trial court erred in overruling his motion to suppress the evidence. More specifically, he argues that the arresting officers did not have sufficient probable cause to make the arrest and therefor any evidence obtained would be inadmissible. We note that the trial court properly conducted an "in camera" hearing on defendant's motion and made a finding of fact that there was sufficient probable cause for the officer to make the arrest.

The authority by which an officer may arrest a person without a warrant is provided under 22 O.S.Supp.1975, § 196. The specific provision pertaining to this case follows:

"A peace officer may, without a warrant, arrest a person:

" *   *   *

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

" *   *   *"

■ We find the facts support the trial court's finding of probable cause for arrest and therefore the evidence seized was admissible.

The arresting officers had information that certain large appliances had been stolen or embezzled from the Sears' store in Tulsa and they had previously arrested Padgett for the crime. Upon surveillance of Padgett's home they saw the defendant in possession of property which matched the description of that previously stolen. Under sub-paragraphs one or three of 22 O.S. Supp.1975, § 196 the arresting officer had probable cause to arrest the defendant. They had knowledge that property was stolen and actually observed the defendant in a pickup truck containing property matching the description of the stolen property. See, *Satterlee v. State*, Okl.Cr., 549 P.2d 104 (1976).

We also note 22 O.S.1971, § 198, referring to a police officer's authority to effect a nighttime arrest:

"He may also at night, without a warrant, arrest any person whom he has reasonable cause for believing to have committed a felony, and is justified in making the arrest though it afterward appear that the felony had not been committed."

Also, see, *Russell v. State*, Okl.Cr., 433 P.2d 520 (1967).

For his third assignment of error the defendant alleges that the trial court erred when it overruled his demurrer and motion to quash at the close of the State's evidence. The defendant contends the State failed to present a prima facie case because all of the necessary elements of the offense

were not presented. More specifically, the defendant asserts the State failed to show (1) the defendant actually received the property, (2) the defendant had knowledge the property was stolen, and (3) the defendant received the property to conceal it from its proper owner.

 This Court has repeatedly held that where there is competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence. See, *Lauhoff v. State*, Okl.Cr., 508 P.2d 285 (1973).

There was sufficient evidence for the jury to find that the property was stolen, that defendant was in the possession of said property by loading it on a truck and starting the motor of said truck, and that he did so for the purpose of knowingly aiding or abetting in its concealment.

"Where intent is necessary in the commission of a crime, it is a question for the jury, under the facts and circumstances, of each individual case. It may be proved by direct or circumstantial evidence." *Murphy v. State*, 79 Okl.Cr. 31, 151 P.2d 69 (1944), Syllabus No. 2.

 For his fourth assignment of error the defendant asserts that the trial court erred in allowing collateral issues into evidence. The defendant particularly objected to the introduction of a firearm which was found on the floorboard on the passenger's side of the pickup truck at the time the defendant was arrested.

Since we have already discussed the lawfulness of the arrest the search and seizure question becomes moot. However, the defendant also urges that the introduction of the weapon itself was prejudicial to the defendant because the crime charged had nothing to do with weapons.

In light of the other evidence presented at trial, we view introduction of the rifle, if error, to be harmless error. (20 O.S.1971, § 3001.)

 The defendant also objected to the testimony of witness Kirtley concerning a conspiracy between the defendant and two other persons to embezzle appliances from Sears. Since the offense of concealing stolen property must naturally follow from the offense of the improper taking of that property, and since the element of embezzled property is essential to this offense, the testimony of the witness Kirtley was properly admitted to show the property was embezzled and by what means.

 For his final assignment of error the defendant asserts that the trial court erred in denying defendant's requested instruction concerning specific intent.

We must point out that the record fails to show that the defendant offered a written instruction concerning specific intent which was subsequently overruled by the trial court. See, *Bryant v. State*, Okl.Cr., 521 P.2d 402 (1974) and *Moreau v. State*, Okl. Cr., 530 P.2d 1061 (1975).

However, even for the sake of argument, we feel the court's instruction on intent presented to the jury the question of the defendant's knowledge concerning the fact that the property was embezzled as well presenting to the jury the question of defendant's intent. *Lewis v. State*, Okl.Cr., 541 P.2d 251 (1975).

Therefore, finding no error which would justify either reversal or modification we find that the same should be and hereby is *AFFIRMED.*

BLISS and BRETT, JJ., concur.