## LULA PARKER v. STATE.

No. A-5499. Opinion Filed May 15, 1926.
(246 Pac. 493.)

E. L. Mitchell and Meacham & Meacham, for plaintiff in error.

The Attorney General and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J.  The plaintiff in error, Lula Parker, was charged jointly with two other women with the larceny of certain described merchandise from a store in Cordell; the manner of the taking being that which is commonly referred to as "shoplifting." The aggregate value of the articles so taken was $166.  A severance was had and at a separate trial of the plaintiff in error, defendant in the trial court, she was found guilty.  Her punishment was assessed by the court at confinement in the penitentiary for a term of one year.

The evidence shows that the defendant was guilty as charged.  The only alleged error urged in this appeal is that the prosecuting attorney, in his argument to the jury, violated the spirit and the letter of the closing part of section 2698, Comp. Stat. 1921, prohibiting any comment upon the fact that the defendant fails to take the witness stand in her own behalf.  The remarks complained of are as follows:

"Gentlemen of the jury, what is the defense in this case?  This is the defense in the case:  First, that the defendant has a sister; second, that she has a husband; third, that she has two little children.  There is not a single bit of evidence from the defendant except to those things."

There were two witnesses who testified for the defendant.  W. H. Parker testified that he was the defendant's husband; that she was the mother of two children and a good wife; that she had never before been accused of any crime.  The defendant's sister testified to

the same effect. The special prosecutor had a right to comment on the evidence offered by the defendant, and the things stated by him covered practically all of the evidence offered in her behalf. The remarks complained of were a true summary of all the evidence offered on the part of the defendant, except that as to her previous character, and did not constitute a comment upon the failure of the defendant to testify in her own behalf.

The statute, section 2698, supra, is comprehensive in the extreme, and this court will not enlarge nor extend its provisions in this regard by judicial construction.

The judgment of the trial court is affirmed.

DOYLE, J., concurs.

EDWARDS, J., having certified his disqualification, does not participate.