JIM LANE v. STATE.

No. A-5571.   Opinion Filed May 22, 1926.
(246 Pac. 893.)

M. D. Hartsell, for plaintiff in error

The Attorney General, for the State.

DOYLE, J.   The information charged that on or about the 23rd day of October, 1924, Jim Lane did unlawfully manufacture 11 gallons of whisky.   On the trial the jury found him guilty and assessed his punishment at a fine of $100 and confinement in the county jail for 60 days.   From the judgment rendered on the verdict he appeals.

The evidence for the state is as follows:

G. E. Corbin, deputy sheriff, testified:   That with H. L. Watts he visited defendant's place, about seven miles northwest of Muskogee; they told the defendant they wanted to look the place over, and he said, "Help your-

selves," that 150 yards east of his house, across the road, they found a complete still and a barrel of mash, and in the timber 300 yards east of his house they found 3 empty mash barrels and a complete copper still and 11 gallons of whisky; they called defendant down, and he said that he had been making the whisky and had made 11 gallons the night before.

H. L. Watts, deputy sheriff, testified to substantially the same facts.

The defendant did not testify.

We deem it sufficient to say, in answer to the contentions made, that the demurrer to the information was properly overruled; that the motion to strike said cause from the setting of the trial docket, on the ground that the order of the court setting the same for trial because the same was made out of term time, was properly overruled; that the remarks of the county attorney in his argument to the jury were not a comment on the failure of the defendant to testify within the meaning of section 2698, C. S. 1921.

In Parker v State, 34 Okla. Cr. 254, 246 P. 493, we said:

"The statute * * * is comprehensive in the extreme, and this court will not enlarge nor extend its provisions in this regard by judicial construction."

After an examination of the record, we are of the opinion that substantial rights of the defendant have not been affected by any adverse rulings of the court. There can be no doubt of his guilt of the crime charged.

The judgment is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.