## MONT MURRELL v. STATE.

No. A-5617. Opinion Filed May 22, 1926.
Rehearing Denied June 12, 1926.
(246 Pac. 644.)

Rummons & Hughes, for plaintiff in error,

The Attorney General, for the State.

BESSEY, P. J. The plaintiff in error, defendant in the trial court, was by a jury in the county court of Kiowa county, found guilty of illegally transporting whisky, with his punishment fixed at a fine of $300 and 60 days in jail.

There is but one point involved in this appeal. It appears in the argument to the jury that the county attorney, touching upon the question of whether or not the liquid found in the possession of the defendant, and which he was transporting, was whisky, said:

"The officers testified that the defendant stated at the time of his arrest, 'You know that ain't my whisky'; it hasn't been denied."

We hold that this statement does not come within the restriction found in the closing part of section 2698, Comp. Stat. 1921, forbidding any comment upon the fact that the defendant failed to take the witness stand in his own behalf. The county attorney said, "It hasn't been denied." What has not been denied? He does not state that the defendant failed to testify, but merely that no evidence was introduced controverting the claim that the liquor was in fact whisky.

As was held in the recent case of Lula Parker v. State, 34 Okla. Cr. 254, 246 P. 493, this restriction in section 2698, supra, will not be enlarged by deductions and inferences so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witnesses in his defense. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the state's showing by proof other than that which might be given by the defendant personally.

The comments of the court following the above remarks of the county attorney were provoked or invited by

the defendant himself, on account of which he has no ground for complaint. The proof is conclusive that the defendant is guilty as charged.

,The conviction and judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.