**David Eugene EVANS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–117.**

Court of Criminal Appeals of Oklahoma.

Oct. 3, 1975.

Thomas W. Burns, Asst. Public Defender, William R. Edmison, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, David Eugene Evans, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted of the crime of Robbery by Fear After Former Conviction of a Felony in Tulsa County District Court Case No. CRF–74–732. Punishment was assessed at a term of two hundred one years (201 years) in the custody of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with said verdict, the defendant has perfected his timely appeal.

The first prosecution witness was Mary Marguese who testified that on the 21st day of March, 1974, she was employed as a grocery checker at a Humpty Dumpty store located in Tulsa. While so employed, the witness noticed a man come in and go around to the back of the check cashing booth where the store manager handed him some money. She further stated she could not make a positive identification of the man who was handed the money.

The State next called Mike Pugh who testified that he was also employed at the store on the date in question. At approximately 9:00 p. m. he noticed a man walk around to the back of the check cashing booth and saw the manager, Gary Bryan, stoop down by the safe and then hand a large bundle of bills to the man who then tucked the money inside his pants, walked out of the store and drove away. Pugh was approximately seven to eight feet from the man who received the money and had no doubt in his mind that the man was the defendant. On cross-examination Pugh testified he observed the defendant for ten to fifteen seconds. He further stated that he subsequently viewed a lineup and picked out the defendant. He further said in the lineup there appeared to be only one man who fit the description of the individual he had seen during the robbery.

The State next called Gary Bryan, co-manager of the store, who testified that he was robbed on the 21st day of March 1974, when the defendant came to the check cashing booth and stated "This is a robbery" and that "He had a gun in his pants." Bryan handed the defendant

$1,150. He further stated that he observed the defendant for not less than five minutes during the course of the robbery, that there was no doubt in his mind that the defendant was the person who committed the robbery and that he feared the possibility of being shot.

On cross-examination, Bryan testified that he never saw a gun and never paid close attention to the man until he realized he wasn't a regular customer. The day after the robbery, Bryan looked through ten photographs and only one picture resembled the man who robbed the store. He further related that he viewed the same lineup as did Pugh.

On re-direct Bryan testified that the lineup consisted of six men all dressed like ordinary persons, all being of the same race and of the same approximate age, and that no one made any suggestions as to which man to pick. The State then rested. The defendant did not present any evidence or testimony during the first stage of the proceeding.

After the jury returned the verdict of guilty in the first stage of the proceeding the State called A. B. Whiteley, Chief Deputy Tulsa County Court Clerk, who testified that the records showed that the defendant had been convicted of six different felonies. Certified copies of the judgments and sentences were introduced into evidence over the objection of defense counsel. The State then rested and the defendant did not present any evidence or testimony in his own behalf.

■ The defendant's first assignment of error urges that the trial court committed reversible error in failing to quash the in-court identification of the defendant by the witnesses Pugh and Bryan. An examination of the record indicated that no evidentiary hearing was requested by defense counsel and no objection was made to the actual in-court identification. In *Anthamatten v. State,* Okl.Cr., 506 P.2d 959, this Court citing *Bridgeman v. State,* Okl.Cr., 496 P.2d 431, held that the issue of a tainted in-court identification was improperly

before the Court when it was apparent from the record that the defendant failed to make a timely objection at trial to the in-court identification and had failed to make a timely request for an evidentiary hearing. Although the proposition seems improperly before us, it is apparent from the record that both witnesses based their in-court identification upon the observation of the defendant during the commission of the crime. Neither witness waivered during cross-examination and there is no indication that either witness identified the defendant in the lineup as a result of suggestions made by a police officer. Defendant's first assignment of error is without merit.

■ The defendant's next assignment of error urges that the trial court erred in allowing improper and prejudicial former convictions to be admitted against the defendant during the second stage of the proceeding. Defendant first complains that one of the judgments and sentences admitted into evidence showed that the defendant had been charged and convicted of the crime of robbery with firearms, when in fact the record in said case indicates that the defendant had been bound over for trial on a charge of robbery by fear. Although there is evident error in the judgment and sentence arising out of said conviction, it is our opinion that said error was harmless. The State submitted proof that the defendant had been convicted of five other felonies. It is improbable that the error complained of tended to cause the jury to enhance punishment to a greater or lesser extent.

■ The defendant next complains that the five remaining judgments and sentences were all for felonies committed after a former conviction of a felony, that the defendant's first felony conviction occurred while the defendant was a seventeen year old minor and that the original trial court failed to certify the defendant as an adult, therefore rendering said initial conviction void under the rationale of *Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972) in

which 10 O.S.Supp.1969, § 1101(A) was declared unconstitutional and *Radcliff v. Anderson,* 509 F.2d 1093 (10th Cir. 1974) in which the Tenth Circuit held that the Lamb decision was to be applied retroactively.

However, this argument has been considered and disposed of by this Court's recent decision of *Dean v. Crisp,* Okl.Cr., 536 P. 2d 961, 1975. In *Dean,* supra, we held that from 1941 to 1972 there was a valid statute defining the "delinquent child" as one under the age of sixteen years and it was therefore not necessary during the interim to certify a seventeen year old minor as an adult to stand trial. The original judgment and sentence was therefore not void and it was not error under the rationale of *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, for the trial court to have admitted the subsequent judgments and sentences into evidence.

■ The defendant's next assignment of error urges that the trial court committed reversible error in allowing improper comments to be made by the prosecutor. During closing argument after the second stage of the proceeding the prosecutor made the following comments, to-wit:

"Mr. Hopper: * * * This is September of 1974. In this judgment and sentence in State's Exhibit No. 5, David, the 1st day of February of 1973, the Defendant, David Eugene Evans, was given 12 years in 1973.

Mr. Burns: Your Honor, I will object to this, move for an admonition and move for a mistrial.

The Court: Overruled.

Mr. Hopper: Given 12 years in 1973, February of 1973, and lo and behold in March of 1974, 13 months later, he is back here on the streets of Tulsa County committing the same crime that he went to the penitentiary for."

\* \* \* \* \* \*

"Mr. Hopper: This is the David Eugene Evans that sits before you asking for mercy. Did he give mercy to the young people that got up here and told you how scared they were because he was threatening to kill them if they didn't give him their money. Give him the mercy, give him the mercy he asks for and give him another 12 years, so he can be out in 13 months like he is today, back on the streets in Tulsa, robbing."

\* \* \* \* \* \*

"Mr. Hopper: * * * And if you want to give Mr. Evans mercy, find him not guilty after former conviction and give him the minimum sentence of 5 years. He got 12 years in 1973, 13 months later he is back out on the streets robbing.

Mr. Burns: I object to that, ask for an admonition and a mistrial.

The Court: Overruled."

The argument appears to be a deliberate attempt by the prosecutor to comment by inference upon the possibility of parole. As stated in our recent decision of *Sam v. State,* Okl.Cr., 523 P.2d 1146, such references are grossly prejudicial to an accused and constitute the improper injection of administrative procedures into the judicial process. See also *Bell v. State,* Okl.Cr., 381 P.2d 167.

■ After alluding to the possibility of parole the prosecutor then recommended a 206 year sentence as follows:

"That's why the legislature says by statute you can give him from 10 years up to 10,000 years should you see fit. Let the punishment, ladies and gentlemen, let the punishment fit the crime. Let the punishment fit the record, let the punishment fit David Eugene Evans. I will make a recommendation to you, ladies and gentlemen, and it is merely a recommendation, because you as jurors in this case, it's your prerogative to reach a verdict and set the punishment at anything you see fit, but I submit to you that 12 years is too light. If you want to make David Eugene Evans pay for crimes that he has committed I submit to you that giving him less than 206 years,

ladies and gentlemen, fits this particular crime and fits this particular defendant."

The record further shows that the jury, during its deliberation, considered parole since they submitted a written question to the trial court seeking "parole guidelines for number of years in a sentence". We therefore have no doubt that the comments were responsible for the greatly enhanced punishment.

Since the improper remarks of the prosecutor occurred during the second stage of the proceeding and because of the overwhelming evidence of guilt, it is our opinion that justice would best be served by the modification of the judgment and sentence appealed from to a term of sixty (60) years in the control of the Department of Corrections of the State of Oklahoma. The judgment and sentence appealed from is so modified and as modified is affirmed.

BUSSEY, J., concurs.

BRETT, P. J., concurs in results.