**James Lee CAMERON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–713.**

Court of Criminal Appeals of Oklahoma.

March 4, 1977.

Rehearing Denied March 25, 1977.

Thomas W. Burns, Asst. Public Defender, Clarke L. Randall, Appellate Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Micheal L. Darrah, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The Appellant, James Lee Cameron, hereinafter referred to as defendant, was charged with the crime of Rape in the First Degree, in violation of 21 O.S.1971, § 1115, in the District Court, Tulsa County, Case No. CRF–76–171. After a trial by jury, the defendant was found guilty and sentenced to serve a term of fifteen (15) years in the custody of the State Department of Corrections. From said judgment and sentence, he appeals.

The first witness called for the State was the victim, who stated that she was married and had two children. On the 20th day of January, 1976, the defendant (her cousin), was at her house in the early afternoon. After a long conversation of "small talk" the defendant asked her if he could make love to her. When she answered "No," the defendant offered to pay her fifty dollars for this service. After repeated refusals, the defendant stated to the witness that he would "take it." At that point, the witness testified that she began to cry and informed the defendant that she would tell her husband about the defendant's advances. The defendant replied that if her husband came looking for him he would have to kill him. After a brief discussion, the defendant informed the victim that he was going to do it anyway and if necessary, he would knock her out, at which time he doubled his fist and placed it in front of the victim's face. The defendant then removed the victim's child to another room, shut the door and ordered the victim to remove her clothing. The witness stated that she complied out of fear of the defendant. At this point, the defendant had intercourse with her. Some two or three minutes after completion of the sexual act, the defendant left, at which time the victim immediately contacted a neighbor, who in turn called the police. After a brief interrogation by the Tulsa Police Department, the victim then went to the hospital for a pelvic examination.

The next witness to testify on behalf of the State was Tulsa Police Officer Joe Ray Day. He stated that he was notified by radio to make an investigation at the home of the previous witness; that upon his arrival, the witness was very nervous and that upon completing his investigation, she was still "emotionally shook up." He testified that he advised her to have a pelvic examination by a medical doctor.

The final evidence of the State was by way of an agreed stipulation concerning the testimony of Dr. Houston Mount. The stip-

ulation was in regard to the doctor's examination of the victim. As a result of that examination, the doctor detected semen in her vaginal area.

The defendant's Demurrer to the evidence was overruled and the defendant rested without introducing any evidence.

■ For his first assignment of error, the defendant asserts that the trial court erred by refusing to grant the defendant's Motion for Mistrial. More specifically, the defendant objected to certain remarks made by the Assistant District Attorney in his closing argument, which were as follows:

"MR. MUSSEMAN: He wanted you to look at her and judge credibility. Do that. Use the evidence you heard. The evidence is uncontradicted. You have heard one story of what happened out there.

"MR. BURNS: Object, Your Honor. Ask for an admonition and mistrial."

[Tr. 82] And further, at page 86:

"[MR. MUSSEMAN] . . . There is only one person that told you the way it happened, that's the evidence you have got.

"MR. BURNS: I object, Your Honor, ask for a mistrial.

"THE COURT: Overruled."

The defendant urges that this is a comment on the part of the Assistant District Attorney concerning the defendant's failure to testify and is in violation of 22 O.S.1971, § 701.[1] We have held on many occasions that a statement by the State to the effect that its evidence was uncontradicted does not amount to a comment on the part of the prosecution relating to defendant's failure to testify. See *Rowbotham v. State,* Okl. Cr., 542 P.2d 610 (1975). Also, the defendant objects to the language used by the Assistant District Attorney in stating, "There's only one person that told you the way it happened, that's the evidence you've

got." Once again, we do not feel that this is an unfair or prejudicial comment on the defendant's failure to testify. We note from the record that counsel for defense argued that the witness/victim had a motive to allege a rape when, in fact, she was merely afraid of her husband. In other words, the defense attorney raised the credibility of the witness/victim as an issue. At that point the State had a right to reply, in an attempt to convince the jury that there was no reason to disbelieve the story of the witness/victim. In *Chesser v. State,* 63 Okl.Cr. 84, 73 P.2d 191 (1937), this Court, citing *McDonald v. State,* 59 Okl.Cr. 318, 58 P.2d 345, stated:

" 'The statute, section 3068, supra, is comprehensive in the extreme and this court will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witnesses in his behalf. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the state's evidence by proof other than that which might be given by the defendant personally. *Murrell v. State,* 34 Okl.Cr. 413, 246 P. 644; *McDaniel v. State,* 35 Okl.Cr. 425, 250 P. 804; *Soper v. State,* 22 Okl.Cr. 27, 208 P. 1044.' "

We further note this Court's holding in *Morrow v. State,* Okl.Cr., 508 P.2d 714 (1973), citing with approval *Spears v. State,* 97 Okl.Cr. 249, 261 P.2d 464, where, in the fourth paragraph of the Syllabus, we held:

" 'Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of the statute forbidding comment on the fact that defendant did not testify.' "

---

1. "In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

After examining the entire record and argument made by counsel, we do not feel that the State's use of the above mentioned phrase is a comment which directly and unequivocally called attention to the jury of the defendant's failure to testify. See, *Tilford v. Page,* 307 F.Supp. 781 (W.D.Okl. 1969).

For his next assignment of error the defendant urges that the trial court erred in not allowing defense counsel to cross-examine fully the complaining witness concerning her prior sexual relations with a person other than the defendant. When counsel for the defendant attempted to cross-examine the prosecuting witness concerning her prior sexual relations with a person other than the defendant or her husband, the court sustained the State's objection to such questions, relying as he did so, on the provisions of 22 O.S.Supp.1975, § 750, which provides:

"A. In any prosecution for rape or assault with intent to commit rape, opinion evidence of, reputation evidence of and evidence as to specific instances of the complaining witness' sexual conduct is not admissible on behalf of the defendant in order to prove consent by the complaining witness. Provided that this section shall not apply to evidence of the complaining witness' sexual conduct with or in the presence of the defendant. "B. If the prosecutor introduces evidence or testimony relating to the complaining witness' sexual conduct, the defendant may cross-examine the witness giving such testimony and offer relevant evidence or testimony limited specifically to the rebuttal of such evidence or testimony introduced by the prosecutor."

Thereafter, outside the presence of the jury, counsel for the defendant made an offer of proof that if the prosecuting witness were permitted to answer the questions propounded, she would testify that prior to the time the alleged rape was committed, she had been separated from her husband and had, during that period of time, been sexually intimate with one Eddie Lance, and further, that when the husband

learned of this relationship, he became very jealous and angry. Defendant argues that the trial court's ruling unduly restricted the scope of his cross-examination, denied him the opportunity of establishing the motive or bias of the prosecuting witness in testifying against the defendant, and cites *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), in which the United States Supreme Court stated:

". . . [T]he right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him. . . ."

Counsel for the defendant further argues that the statute limiting the scope of cross-examination is unconstitutional. It should first be observed the rule enunciated in *Pointer v. Texas, supra,* contemplates that the scope of cross-examination should not be limited when the testimony sought to be elicited is germane to and has probative value in the matter on trial. Certainly the rule enunciated in *Pointer* cannot be construed as a license for asking incompetent, irrelevant and immaterial questions, the only purpose of which are to embarrass and humiliate the prosecuting witness and are not germane to any issue relating to the guilt or innocence of the accused.

The enactment of 22 O.S.Supp.1975, § 750, supra, was by a codification of the rule enunciated in *Shapard v. State,* Okl. Cr., 437 P.2d 565 (1967). In the *Shapard* case, the trial court, over the objection of the prosecutor, permitted defense counsel to extensively examine the prosecuting witness concerning her prior sexual activities with persons other than the defendant. The object of such examination was not to show consent, but to embarrass and humiliate the prosecutrix and discredit her in the eyes of the jury. Realizing that such cross-examination had no real probative value, but that its continued use could frustrate the ends of justice in that victims of rape, fearful that they would be subject to the most searching examination of their prior sexual activities with persons other than their husbands or the accused, would neither report forcible rape committed against

them, nor testify in a prosecution against their attacker, this Court enunciated the rules prohibiting the cross-examination of the witness in almost the identical language set forth in 22 O.S.Supp.1975, § 750, supra. *Shapard v. State,* supra, was appealed to the Supreme Court of the United States and certiorari was denied.

■ In the case at bar there was not one scintilla of evidence that tended to establish that the prosecuting witness in any way consented to have sexual relations with the defendant. We are of the opinion, and therefore hold, that the trial court properly sustained the objection of the prosecuting attorney to the improper questions of defense counsel, and that the provisions of 22 O.S.Supp.1975, § 750 are constitutional.

■ For his final assignment of error the defendant argues that the trial court erred by allowing the Assistant District Attorney to make improper references to pardon and parole procedure during his closing argument. The defendant strongly objected to the following statement, made by the Assistant District Attorney:

> "MR. MUSSEMAN: Ladies and gentlemen, Mr. Burns told you about the importance of this in his closing argument that we are talking about sending a man for the minimum of five years in the penitentiary. Now, ladies and gentlemen, I will ask you; when you get back there to look at your verdict form. It doesn't say number of years in the penitentiary, it says in the custody of the Department of Corrections.
> "MR. BURNS: Object to that, Your Honor. Ask for an admonition and a mistrial.
> "MR. MUSSEMAN: Your Honor, I believe that's the law.
> "THE COURT: Overruled."

And again at page 81 of the transcript:

> "MR. MUSSEMAN: Look at it, see if I'm right. They determine where the time is to be spent.
> "MR. BURNS: I object to that. Ask for an admonition and mistrial.
> "THE COURT: Sustain the objection.

> "MR. BURNS: Ask the jury be admonished.
> "THE COURT: Overruled.
> "MR. BURNS: Move for a mistrial.
> "THE COURT: Overruled."

In his argument, the defendant readily concedes that the Assistant District Attorney never used the forbidden words "pardon and parole" or discussed parole or "good time credits." The defendant does, however, contend that this was the only inference that the jury could draw concerning the statements.

In support of his argument the defendant cites *Evans v. State,* Okl.Cr., 541 P.2d 269 (1975). However, in that case, which is distinguishable from the case at bar, the prosecutor informed the jury that the defendant had been sentenced to twelve years for a similar offense and was out in thirteen months and committed another crime. In the *Evans* case, the jury gave the defendant two hundred and one (201) years, which this Court ultimately modified.

In the instant case we note with interest that the verdict form, to which the defendant does not object, in fact does use the phrase "Guilty as charged in the Information herein and affix his punishment at 15 years in the State Department of Corrections." Therefore, the prosecutor argued nothing more than that which is the law of the State of Oklahoma and that which, in fact, the jury would ultimately read on a proper verdict form. We, therefore, find this assignment of error to be without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly *AFFIRMED.*

BLISS and BRETT, JJ., concur.